522 So.2d 1168 (1988)
STATE of Louisiana
v.
Stanley F. COVINGTON.
No. K 9040.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
*1169 Stanley F. Covington, in pro. per.
Harry F. Connick, Dist. Atty., New Orleans, for respondent.
Before GULOTTA, C.J., and SCHOTT and BYRNES, JJ.
SCHOTT, Judge.
We granted certiorari on relator's pro se application in order to review a judgment of the trial court denying his application for post-conviction relief. The issue is whether a defendant seeking post-conviction relief is entitled to have his sentence vacated when he was sentenced under the Louisiana Habitual Offender Law, R.S. 15:529.1 and the trial court did not fully advise him of his rights to remain silent and to require the State to prove his identity as an habitual offender.
Relator pled guilty to possession of phencyclidine, a violation of R.S. 40:966. On the same day, in another case relator pled guilty to possession of marijuana, a violation of R.S. 40:966. The trial court sentenced the relator to serve six years at hard labor in the phencyclidine case and six months in Orleans Parish Prison in the marijuana case, the sentences to be served concurrently. Subsequently, in the phencyclidine case, relator admitted the allegations in a bill of information charging him as a second offender under the Louisiana Habitual Offender Law. The trial court vacated the earlier setence and imposed a sentence of six years at hard labor. At the multiple bill hearing, relator's counsel informed the court that an agreement had been reached between relator's prior attorney, the district attorney and the court that if relator pled guilty to the multiple bill that he would receive no more than a six year sentence.
Relator now comes before this court challenging the correctness of the trial court's ruling denying his application for post-conviction relief. He claims the trial court failed to inform him of his rights as required by R.S. 15:529.1(D) before accepting his guilty plea to the habitual offender bill of information.
R.S. 15:529.1(D) provides that the trial court shall inform the defendant of the allegations contained in the multiple bill of information and to his "right to be tried as to the truth thereof according to law" prior to asking the defendant whether the allegations of the multiple bill are true. Furthermore, if a defendant pleads guilty to the multiple bill or "if he acknowledges or confesses in open court ... that he has been so convicted", the trial court must first duly caution him as to his rights.
In State v. Martin, 427 So.2d 1182 (La.1983), the court found that before a plea of guilty to a multiple bill can be said to be made knowingly and voluntarily, the colloquy between the trial judge and the defendant must show that the defendant was advised of his right to a formal hearing on the multiple bill and his right to require the State to prove the issue of his identity as a multiple offender. In State v. Johnson, 432 So.2d 815 (La.1983), the court held that R.S. 15:529.1(D) implicitly provides that the defendant should be advised by the Court of his statutory right to remain silent before the judge accepts his plea of guilty to the multiple bill. The *1170 court found that the right against self-incrimination does not depend on the nature of the proceedings and held that the defendant, after pleading not guilty, was no longer required to speak and, without being advised of his right to remain silent, his acknowledgement or confession of his prior felony conviction was invalid. Johnson was compelled to testify over his counsel's objection. This not only destroyed the purpose of the statute's requirement that he be "duly cautioned of his rights" before admitting his status as a repeat offender but it also constituted a clear violation of his constitutional right against self incrimination. Johnson is significant because it recognized that the right to remain silent is one of the rights which the trial judge must inform a defendant of under R.S. 15:529.1(D) before accepting a guilty plea to a multiple bill. The merits of the Johnson case, however, addressed the constitutional issue of compelling a defendant to actually give testimony rather then the statutory issue of what rights a defendant must be informed of prior to a guilty plea. In State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), this court held that the defense counsel's assurances that he had advised the defendant of his rights did not satisfy sufficiently the requirements of R.S. 15:529.1(D) that the court must personally advise the defendant of his rights. It is important to note that the rights set forth in R.S. 15:529.1(D), as interpreted by Martin and Vincent, are statutory rights and are not founded in the United States Constitution or the Louisiana Constitution.
The defendant is before this Court on an application for post-conviction relief. C.Cr.P. art. 930.3 provides the grounds upon which such relief may be granted. The first ground, "the conviction was obtained in violation of the Constitution of the United States or the State of Louisiana", is the broadest ground and the basis for most post-conviction relief claims. However, when a defendant contends that he was not informed of his rights prior to an admission of identity or a plea of guilty to a multiple bill, no constitutional rights are implicated. These rights are provided by statute and because a multiple bill hearing is not a trial of a substantive offense, a guilty plea to a multiple bill is not the equivalent of a guilty plea to a criminal offense where a defendant must be read his Boykin rights.
Therefore, when a defendant petitions this court seeking post-conviction relief claiming he was not informed of his rights prior to the court's acceptance of an admission of identity or a plea of guilty to a multiple bill, this court will review the multiple bill proceedings to determine if the proceedings were fundamentally fair and provided due process of law. If the court finds that the proceedings were fundamentally fair, even though the trial court did not specifically delineate the rights as required by R.S. 15:529.1(D), this court will uphold the multiple bill sentence because the defendant has failed to show that his conviction and sentence on the multiple bill were unconstitutionally obtained. If, however, a review of the transcript of the proceedings indicates that the defendant was denied due process of law, then this court will grant relief finding that the defendant's conviction and sentence as an habitual offender were obtained in violation of the United States Constitution and the Louisiana Constitution. (i.e., a claim rising to constitutional proportions.)[1]
This opinion should not be construed as providing unbridled discretion to the trial courts during habitual offender proceedings. Rather, trial courts should advise a defendant, before the defendant's admission of his identity as an habitual offender or a plea of guilty to the multiple bill, that the defendant is entitled to a formal hearing on the multiple bill where the State has the burden of proving the defendant's identity as an habitual offender. Furthermore, before accepting an admission or a plea of guilty, the trial court must also inform the defendant that he has *1171 a right to remain silent at this hearing and cannot be forced to testify against himself.[2]
Applying the standards set forth above to the present matter, the defendant's claim that he was not advised of his rights prior to the court's accepting his admission to the allegations of the multiple bill has no merit. A review of the transcript of the multiple bill hearing reveals that the defendant entered into a plea bargain agreement with the State and the trial court whereby he would be sentenced to six years if he pled guilty to the multiple bill. The transcript also reveals that the defendant was asked by the trial judge if he was aware that he would not be eligible for "good time" when sentenced as a multiple offender. The defendant indicated that he knew and understood this consequence of his plea. The defendant received this sentence. Underlying the defendant's claim must be the defendant's belief that he has suffered some injury from the trial court's failure to advise him of his rights. The defendant does not contend, however, that he would have pled not guilty to the multiple bill had the trial court informed him of his rights. The defendant's decision to plead guilty to the multiple bill was a knowing, voluntary decision. The record does not reveal that the defendant was denied due process of law or that these proceedings were fundamentally unfair. Accordingly, the judgment of the trial court denying relator's application for post-conviction relief is affirmed.
AFFIRMED.
NOTES
[1] This Court is aware that this decision is in conflict, either expressly or implicitly, with several decisions rendered previously by this Court. To the extent this decision is in conflict, those decisions are overruled.
[2] See State v. Lloyd Desmond, 524 So.2d 147 (La.App. 4th Cir.1988), wherein this Court vacated the defendant's sentence as an habitual offender because the trial court failed to inform the defendant of these rights before accepting his plea of guilty to the multiple bill.