524 So.2d 147 (1988)
STATE of Louisiana
v.
Lloyd T. DESMOND.
No. KA-6852.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
Harry F. Connick, Dist. Att., Patricia I. Edwards, Asst. Dist. Atty., New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT, BARRY, and BYRNES, JJ.
BYRNES, Judge.
Defendant, Lloyd Desmond was charged with possession of cocaine, a violation of R.S. 40:967, and convicted of attempted possession of cocaine. He was then charged with being a multiple offender under R.S. 15:529.1. At the hearing on the multiple bill Desmond admitted being the same person who was convicted of the predicate offenses and was sentenced as a third offender to four years at hard labor. He was also assessed $30.00 in court costs and sentenced to an additional thirty days in Parish Prison in default of payment. This appeal followed.

FACTS
On January 5, 1985, Officer James Keen was conducting an undercover surveillance of the intersection of First and Roman Streets in New Orleans. At approximately 9:55 p.m. Officer Keen observed the defendant purchase what appeared to be cocaine from the suspect under surveillance, Mr. Hugh Ralph Stewart. This information was relayed to officers located nearby. These officers approached the defendant who threw an object to the ground and began fleeing. After the defendant was apprehended, the object he had discarded was found and determined to be a packet containing cocaine. Defendant was arrested and charged with possession of cocaine.

ASSIGNMENT OF ERROR 1
By his first assignment of error, defendant argues that the trial court erred *148 by curtailing the examination of Mr. Kenneth Collins regarding the arresting officers' alleged attempt to pressure Collins into providing them with information about Stewart. The trial court sustained the State's objection to this line of questioning, finding such evidence irrelevant. Collins, who was also arrested for allegedly purchasing cocaine from Mr. Stewart, testified at trial on behalf of the defendant. The defendant contends that the excluded questions were relevant to corroborate his story that the officers attempted to elicit information about Stewart from him and fabricated the charges against him when he refused.
Relevant evidence is that "tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent". R.S. 15:441. A trial court's ruling regarding the relevancy of evidence is entitled to great deference by a reviewing court and should not be disturbed absent a showing of clear abuse of discretion. State v. Whittaker, 463 2d 1270 (La.1985).
In the present case, Kenneth Collins testified that he knew nothing about the case pending against the defendant. He stated that he didn't know if the defendant purchased drugs from Mr. Stewart or if the defendant possessed drugs when arrested or if he discarded the drugs prior to his arrest. Thus, his testimony could only have been relevant to the issue of whether the arresting officers fabricated their story in retaliation for the defendant's refusal to supply information concerning Stewart. However, the record reveals that the officers who arrested Collins were not the same officers who arrested the defendant. Moreover, the officer who arrested the defendant specifically denied asking him to become an informant. We fail to see a significant connection between this officer's statement and the testimony of Collins. Collins had never encountered the officer who arrested the defendant and thus had no knowledge, either direct or indirect, concerning that officer's actions at the time of defendant's arrest. Under these circumstances, we find no abuse of discretion in the trial court's ruling. This assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant argues that the trial court erred by accepting his plea of guilty to the multiple bill of information without first informing him of his rights as required by R.S. 15:529.1(D). We agree.
The habitual offender law, LSA-R.S. 15:529.1, requires that the trial court inform the defendant of the allegations contained in the multiple bill of information and inform him of his "right to be tried as to the truth thereof according to law". To be meaningful, this information must be given to a defendant before he pleads to the multiple bill. If the defendant pleads not guilty or remains silent, the trial court must schedule a hearing to determine whether the defendant has been convicted of a prior felony or felonies. However, if at the time of the hearing a defendant wishes to acknowledge or confess that he was convicted of the predicate offense, he must first be "duly cautioned as to his rights".
In State v. Martin, 427 So.2d 1182 (La. 1983), the Louisiana Supreme Court found that before a plea of guilty to a multiple bill can be said to have been knowingly and voluntarily made, the colloquy between the trial judge and the defendant must show that the defendant was advised of his right to a formal hearing on the multiple bill and his right to require the State to prove the issue of his identity as a multiple offender.
In State v. Johnson, 432 So.2d 815 (La. 1983), the Louisiana Supreme Court recognized that one of the rights which R.S. 15:529.1(D) implicitly requires the defendant to be informed of by the court before any multiple bill proceeding is the right to remain silent. After quoting the language of the statute the court held that:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before *149 the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory `right to remain silent. (emphasis added)
The trial court at mid-hearing arraigned Johnson and accepted his not guilty plea, satisfying the requirement of R.S. 15:529.1(D) that the trial court "require the offender to say whether the allegations are true". After pleading not guilty Johnson no longer was required to speak and should not have been compelled to present evidence against himself.
Although the most serious issue in Johnson was this actual violation of the constitutional right to remain silent the case is nonetheless significant for its recognition of the statutory right to be informed of certain rights, including the right to remain silent, in any multiple bill proceeding regardless of how the defendant pleads. In fact, the court's reversal was based on its conclusion that:
In the present case the trial court did not advise Johnson of his right to remain silent. Without such advice Johnson's acknowledgment or confession of his prior felony conviction in Missouri is invalid.
Since there was no admissible evidence offered by the State to prove that Johnson was the same person convicted in Missouri, the state failed to prove the essential elements of R.S. 15:529.1, and the case must be remanded.
Thus there can be no doubt that the right to remain silent is one of the rights which must be given to a defendant before he pleads to the multiple bill. This rule applies with equal force whether the defendant plead not guilty (as in Johnson) or guilty. This position has been followed by at least two other circuits. See State v. Mclntyre, 496 So.2d 1204 (La.App. 5th Cir. 1986); State v. White, 517 So.2d 461 (La. App. 1st Cir.1987); State v. Perkins, 517 So.2d 314 (La.App. 1st Cir.1987), writ denied 519 So.2d 141 (La.1988). The denial of writs in the Perkins case is of particular importance since it presented the Supreme Court with an opportunity to review its decision in Johnson, but the court chose not to do so.
This Court in State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), held that the defense counsel's assurances that he had advised the defendant of his rights did not satisfy the requirement of R.S. 15:529.1(D) that the Court personally advise the defendant of his rights. This Court concluded that the record must show affirmatively that the trial court itself advised the defendant of his rights before accepting either a plea of guilty to the multiple bill or the defendant's admission that he is the same person charged in the multiple bill.
In the present case, the trial court accepted the defendant's admission that he was the same person charged in the multiple bill before informing him of any of his rights as required by R.S. 15:529.1(D). This was error. The trial court must inform the defendant of these rights prior to the defendant's plea on the multiple bill and before the defendant admits that he is the same person as charged in the multiple bill.[1] If a defendant pleads guilty or admits that he is the same person charged in the multiple bill before the trial court informs him of the rights set forth in the R.S. 15:529.1(D), the defendant's conviction and sentence as a multiple offender must be vacated.
In this case, the trial court did not inform the defendant of these rights prior to his admission that he was the same person *150 charged in the multiple bill. Accordingly, the defendant's conviction and sentence as a multiple offender are hereby vacated.[2] His original conviction is affirmed and the case remanded to the district court for resentencing.
CONVICTION AFFIRMED, MULTIPLE OFFENDER SENTENCE VACATED, CASE REMANDED FOR RESENTENCING.
BARRY, J., concurs with reasons.
BARRY, Judge, concurring in the result with reasons.
The defendant was not informed of his rights to a formal hearing and to have the State prove the allegations in the multiple bill as mandated by La.R.S. 15:529. ID. State v. Martin, 427 So.2d 1182 (La.1983). Therefore, his guilty plea is invalid and his enhanced sentence must be vacated.
However, I do not find State v. Johnson, 432 So.2d 815 (La.1983) relevant to this case or any other case which turns upon whether certain rights are recited prior to a voluntary guilty plea to a multiple bill. Johnson, where the defendant pleaded not guilty but was forced to testify against himself, is limited to its most unusual facts. Johnson was based on a violation of the defendant's constitutional right to remain silent, not a statutory requirement to recite certain rights prior to accepting a guilty plea to a multiple bill.
The Louisiana Supreme Court has upheld a defendant's guilty plea and found sufficient a colloquy which did not mention the right against self-incrimination in State v. Martin, supra.
NOTES
[1] The Louisiana Supreme Court in State v. Martin, supra at 1184, stated in footnote two, "generally, the only factual issue at multiple offender hearings relates to the identity of the defendant as the same individual who was previously convicted of the prior felony alleged in the bill".
[2] Note that the standard of review set forth above, which requires strict compliance with the habitual offender law, is a different standard than that used by this Court when reviewing applications for post-conviction relief. When a defendant applies to this Court for post-conviction relief arguing that he was not informed of his rights before entering a plea of guilty to a multiple bill or admitting he is the same person charged in the multiple bill, we will review the multiple bill proceedings to determine if they were fundamentally fair and provided due process of law. This is because the right to be informed of certain rights as set out in R.S. 15:529.1(D) is a statutory right, even though the rights themselves may be constitutional in nature. Thus, failure to inform a defendant of those rights is a statutory rather than a constitutional violation and is not a proper subject for post conviction relief unless the proceedings are so fundamentally unfair as to constitute a deprivation of due process. See C.Cr.P. Art. 930.3. If this Court finds that the proceedings were fundamentally fair, even though the trial court did not expressly delineatre the rights as required by the statute, this Court will uphold the multiple bill sentence because the defendant failed to show that his conviction and sentence on the multiple bill was unconstitutional. See State v. Covington, 522 So.2d 1168 (La.App. 4th Cir.1988), and State v. Firma, 522 So.2d 1181 (La.App. 4th Cir.1988).