PLOTKIN, Judge.
Defendant, Herbert Allen, appeals his conviction and applies for post-conviction relief. We affirm the conviction and remand for resentencing.
The defendant, Herbert Allen, Jr., (Allen) was charged and convicted of two counts of burglary of an inhabited dwelling, La.R. S. 14:62,2. Count one accuses Allen of burglarizing Curtis Moore’s home, 1738 Mandeville St., New Orleans, La.; count two charges Allen with burglarizing Martha Sykes’ home, 1740 Mandeville St., New Orleans, La. Allen appeals only count two, averring that the State presented insufficient evidence to justify a conviction.
The dwelling at 1738-40 Mandeville St is a duplex. Curtis Moore, a teacher-coach, resides with his family at 1738 Mandeville; Martha Sykes and her family occupy the other half.
On Sept. 25, 1981, at approximately 10 a.m., Moore returned home to retrieve his baseball uniform. When he attempted to enter his front door, he discovered that the night-latch was in place. He closed and locked the door. He then walked through the side yard and noticed that the garbage he had placed on a table that morning had been moved. He checked the rear door and observed that it was locked. Becoming alarmed, he retreated to the front of the property and instructed a friend he saw across the street to call the police. Immediately thereafter, while he was standing in his front yard, he observed a black male with an afro haircut, wearing purple short pants, a cut-off shirt and carrying a purple K & B shopping bag, exit his house and rear yard. Both men hesitated and stared at each other for five to ten seconds, whereupon the burglar fled. Moore and his companion pursued without success.
The police were called and investigated but made no attempt to secure fingerprints. Moore and his wife discovered that many small items of jewelry were missing from their home.
On the same day at approximately 4:15 p.m., Sykes returned home and discovered that the rear door to her home had been removed and that her house was burglarized. She found her home ransacked, potato chip bags strewn over the room, and numerous small items of jewelry, calculators, and personal items missing. Also missing was a large purple K & B shopping bag she had acquired to carry smaller bags of potato chips. When she left for work the morning of Sept. 25, the large K & B bag was on her kitchen table filled with bags of potato chips.
Moore observed Allen in his neighborhood on several occasions over the next three months. The first time, Moore was paying for chicken at Church’s when Allen *440 walked in the store. Each man stared at the other until Allen turned abruptly and left. Moore attempted to follow but lost sight of Allen. On the second occasion, Moore noticed Allen walking on N. Roman St. with a woman. The third time, Moore saw Allen sitting on the neutral ground on Claiborne Ave. and Moore called the police. He advised the officers that he knew the street where Allen lived but not the correct address. On October 12, 1981, the officers presented Moore with six photographs in a photo line-up. Allen identified Moore as the perpetrator. On October 19, 1981, the officers obtained a warrant for Allen’s arrest.
On January 5,1982, Moore flagged down Patrol-officer Norbert Zenon, a former student of Moore’s, and directed him to Allen’s home. When Allen came to the door, Moore identified Allen as the burglar and he was arrested. Allen denied any culpability. No stolen property was found in his possession.
In reviewing this record, the court noted that the bill of information states that the crime occurred September 25, 1982, when it actually happened on September 25, 1981. Code of Criminal Procedure Article 484 provides that the court may cause an indictment to be amended at any time because of a defect in form. Code of Criminal Procedure Article 468 states that the date of the commission of the offense need not be alleged in the indictment, unless the date is essential to the offense. Thus, if the date is not essential, a mistake as to the date is only a defect of form, which may be corrected at any time with leave of court. State v. McCoy, 337 So.2d 192 (La.1976); State v. Sharp, 321 So.2d 331 (La.1975). In the instant case the crime occurred September 25, 1981; a bill of information was filed February 12,1982, and at trial by jury the defendant was found guilty on June 23, 1982. There was no prejudice toward the defendant resulting from the mistake in date, and the date is not essential to the offense. Therefore the court orders the bill of information amended to reflect the proper date.
An appellate court in Louisiana, reviewing the sufficiency of the evidence to support a conviction, is controlled by the standard enunciated by the Supreme Court of the United States in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.
When the conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983).
To support a conviction under La. R.S. 14:62.2 the State must prove that (1) the defendant entered the inhabited dwelling, (2) without authorization and (3) with the intent to commit a felony or theft therein.
The direct and circumstantial evidence links Allen to both burglaries. Both sides of the duplex were burglarized the same day. Both were entered through rear doors. Each home was looted of small personal items and jewelry. Sykes possessed a large purple K & B bag before the theft which was missing afterward. Moore unequivocably observed Allen leaving his home carrying a large purple K & B bag. Although a K & B bag is common, it is distinctive because of its trademark and unique colors.
The facts, as a whole, reasonably exclude every hypothesis of innocence, including misidentification or that a separate and subsequent burglary of Sykes’ home was committed by another individual. Based on *441 these circumstances, and under the standard of review set out above, sufficient evidence exists to support the conviction and to find that every reasonable hypothesis of innocence has been excluded.
While petitioner’s appeal was being considered, he applied for post-conviction relief claiming that the District Court violated L.A.R.S. 15:529.1(D) by not informing him of his rights during his multiple bill hearing. In the interest of judicial economy, we consider the issue of post-conviction relief as part of the appeal.
R.S. 15:529.1(D) provides:
If, at any time, either after conviction sentence, it shall appeal that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted of a felony under the laws of any other state or of the United States; ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.
This statute has been interpreted by the Supreme Court in State v. Martin, 427 So.2d 1182 (La.1983), to require that the defendant be advised of his right to a formal hearing on the multiple bill and his right to require the State to prove his identity as a multiple offender. In State v. Johnson, 432 So.2d 815 (La.1983), the Supreme Court held that R.S. 15:529.1(D) provides that the defendant be informed by the trial court of his right to remain silent before the trial court accepts his plea of guilty to the multiple bill.
The defendant’s rights at a multiple bill were addressed by this court recently in State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988). In that case which is on all fours with the instant case, the defendant was not informed of his rights prior to his admission that he was the same person charged in the multiple bill. We held:
(t)he trial court must inform the defendant of these rights prior to the defendant’s plea on the multiple bill and before the defendant admits that he is the same person charged in the multiple bill. If a defendant pleads guilty or admits that he is the same person charged in the multiple bill before the trial court informs him of the rights set forth in the R.S. 15:529.-1(D), the defendant’s conviction and sentence as a multiple offender must be vacated.
In the instant case, the defendant was not advised of his rights prior to pleading guilty. This error mandates defendant’s sentence as a multiple offender be vacated.
Accordingly, and for the foregoing reasons, the conviction of the defendant is affirmed and the case is remanded to the district court for resentencing.
CONVICTION AFFIRMED, MULTIPLE OFFENDER SENTENCE VACATED, CASE REMANDED FOR RESENTENC-ING.
BARRY, J., concurs with reasons.