PLOTKIN, Judge.
Defendant Gregory Wheeler appeals the trial court’s action in sentencing him as a multiple offender, claiming he was not properly advised of his rights prior to his pleading guilty as a multiple offender. We agree.
*13 Defendants Wheeler and Barry Diggs were convicted of two armed robberies on July 15, 1982. Subsequently, the state filed a multiple bill against both defendants. The record is silent as to the disposition of the multiple bill against Diggs, but indicates that he was sentenced to fifty years at hard labor without benefit of probation, parole or suspensión of sentence on each of the two counts, sentences to run concurrently. Diggs has not appealed his conviction or sentence. Wheeler was adjudicated a second offender and sentenced to fifty years at hard labor on each of the two counts without benefit of probation, parole or suspension of sentence, sentences to run concurrently. The record indicates that the defendant’s sentence was enhanced to prohibit “good time” as to both counts as a result of the multiple bill hearing.
At Wheeler’s multiple bill proceeding, the following colloquy took place between the court and the defendant:
Q. State your name.
A. Gregory Wh-eler. [sic]
Q. You are also known as Alfred Stewart, Jr.?
A. Yeah — yes, sir.
Q. All right, the State is charging you with being a second offender. They are saying that under the name of Gregory Wheeler aka Alfred Stewart, Jr. in Section “D” you were charged with receiving stolen things, third offense and on the 6th day of June, 1979 you plead [sic] guilty as charged and [were] sentenced to serve nine months in the parish prison. Are you that same person?
A. Yes, sir.
Q. Do you understand by admitting that, your minimum sentence is thirty-three years at hard labor without parole, probation or suspension of sentence and your maximum sentence becomes one hundred and ninety-eight years, same way, no good time?
A. Yes, sir.
Q. Knowing that, you still wish to admit that you are the same person?
A. Yes, sir.
THE COURT:
Let the record show that the defendant, himself and through counsel admits he is the same person reflected in this multiple bill.
The Court finds the defendant to be a second offender.
LSA-R.S. 15:529.1(D), relative to habitual offenders, provides as follows:
D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, . whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refused to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.
(Emphasis added.)
This court has previously held that accepting a defendant’s plea of guilty to a multiple bill without first informing him of his rights, including the right to remain *14 silent, as required by the habitual offender statute, was improper, requiring that defendant’s conviction and sentence as a multiple offender be vacated. State v. Desmond, 524 So.2d 147, 149-50 (La.App. 4th Cir.1988).
Á guilty plea to a multiple bill can be considered knowing and voluntary only if the colloquy between the trial judge and the defendant shows that the defendant was advised of his right to a formal hearing on the bill and his right to require the state to prove his identity as a multiple offender. State v. Martin, 427 So.2d 1182 (La.1983), State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983).
The defendant should also be advised of his right to remain silent under the provisions of LSA-R.S. 15:529.1(D). State v. Johnson, 432 So.2d 815 (La.1983).
In the instant case, the colloquy reveals that the defendant was advised of neither his right to require the State to prove his identity, his right to a formal hearing, nor his right to remain silent. Therefore, the multiple bill hearing was fatally defective, requiring that the defendant’s sentence be vacated and the case be remanded to the trial court for resentenc-ing.
Our review of the record also revealed an error patent in Wheeler’s multiple bill hearing in that the record does not indicate which of the two counts was double billed and the minute entry indicates that the defendant’s sentence was enhanced with “no good time” as to both counts. However, since the multiple bill sentence is being vacated because of the trial court’s failure to advise the defendant of his rights prior to his guilty plea, we pretermit discussion of that issue.
For the above and foregoing reasons, defendant Wheeler’s multiple bill sentence is vacated and the case is remanded to the trial court for resentencing.
CONVICTIONS AFFIRMED; SENTENCE VACATED; CASE REMANDED.