WARD, Judge.
On January 10, 1984, the State charged Lenny Trollman with aggravated criminal damage to property. The property at issue was three New Orleans Police Department automobiles allegedly damaged when the police pursued Trollman to stop him for speeding.
Trollman pled not guilty, and on June 11, 1984, a jury found him guilty as charged. On July 3, 1984, the Trial Judge sentenced Trollman as a second offender to five years imprisonment at hard labor. He was also assessed $24.00 in court costs and sentenced to serve an additional 30 days imprisonment in default of payment.
Trollman obtained an out-of-time appeal on June 13, 1988 and filed his brief on May 4, 1989 to which the State responded on May 17. On appeal, Trollman argues the Trial Court erred in adjudicating him a second offender without having warned him of his privilege against self-incrimination.
The right to remain silent is one of the rights which must be given to a defendant before he pleads to a multiple bill. State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988). See also, State v. Johnson, 432 So.2d 815 (La.1983). In this case, although the Trial Judge advised Trollman of his right to a hearing, the Judge did not advise him of his right to remain silent. Trollman’s conviction and sentence as a multiple offender must be vacated. State v. Desmond, supra. Therefore, we vacate the multiple offender conviction and sentence and remand for resen-tencing.
Also, having reviewed the record for errors patent, we note that Trollman was represented by the Orleans Indigent Defender Program throughout the proceeding, which establishes his indigency. An indigent defendant may not be sentenced to additional jail time in default of payment of costs. State v. Washington, 533 So.2d 392 (La.App. 4th Cir.1988).
. We affirm Trollman’s conviction, and vacate his multiple offender sentence and remand for resentencing.
CONVICTION AFFIRMED; SENTENCE AMENDED IN PART, AND VACATED IN PART.
BARRY, J., concurs.