GARRISON, Judge.
The defendant, Joseph Groce, was charged by grand jury indictment, with two counts of distribution of cocaine (Counts 1 and 3) and one count of possession of cocaine with intent to distribute (Count 2), in violation of LSA-R.S. 40:967, and with two counts of distribution of heroin (Counts 4 and 5), in violation of LSA-R.S. 40:966. On Counts 1 and 2, defendant pled guilty to possession of cocaine with intent to distribute. After trial on the merits, a jury rendered the following verdict: guilty as charged on Count 3, not guilty on Count 4 and guilty of the lesser included offense of possession of heroin on Count 5.
The trial judge sentenced the defendant to fifteen years at hard labor with credit for time served on Count 1; fifteen years at hard labor with credit for time served and without benefit of parole, probation or suspension of sentence on Count 2; fifteen years at hard labor with credit for time served on Count 3; and ten years at hard labor without benefit of parole, probation or suspension of sentence on Count 5. These sentences are to be served concurrently with each other and consecutively with a sentence imposed for an earlier conviction.
The State later filed a multiple bill of information against defendant only as to his conviction on Count 3 of distribution of cocaine. The defendant pled guilty to being a second offender. The trial judge then vacated defendant’s original sentence on that count and imposed a sentence of fifteen years at hard labor with credit for time served and without benefit of probation. The judge also stipulated that the sentence was to be served without benefit of parole until the defendant has served at *889 least seven and one-half years at hard labor and that the defendant was not entitled to any good time credits. Defendant now appeals.
In assignment of error one, the defendant argues that the trial judge erred in adjudicating him as a second offender without first advising him of his rights under LSA-R.S. 15:529.1(D).
LSA-R.S. 15:529.1(D) provides:
D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denied the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.
The courts have interpreted LSA-R.S. 15:529.1 to require that the trial court inform the defendant of the following three rights before accepting a guilty plea to a multiple bill: (1) the right to a formal hearing on the multiple bill; (2) the right to require the State to prove the issue of defendant’s identity as a multiple offender; and (3) the right to remain silent. State v. Martin, 427 So.2d 1182 (La.1983); State v. Johnson, 432 So.2d 815 (La.1983); State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988); State v. Allen, 526 So.2d 438 (La.App. 4th Cir.1988).
The multiple bill hearing transcript reveals that the trial court informed the defendant of his rights under LSA-R.S. 15:529.1 before accepting his plea of guilty to the multiple bill. Therefore, this assignment of error is without merit.
In assignment of error two, the defendant argues that the trial court erred in requiring that the fifteen year sentence imposed upon the defendant as a second offender on Count 3 be served without benefit of parole for at least seven and one-half years. Defendant is correct in his assertion that LSA-R.S. 40:967 does not authorize the court to impose a sentence without parole benefits. The only authority for denying parole benefits for this offense is found in LSA-R.S. 15:574.4 which provides that a second felony offender is not eligible for parole consideration until he serves one-half of the sentence imposed. However, parole eligibility under LSA-R.S. 15:574.4 is determined by the Department of Corrections and not by the court.
Therefore, the trial court erred in determining defendant’s parole eligibility on Count 3. See State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). The defendant’s enhanced sentence on Count 3 is hereby amended to delete the portion denying parole eligibility.
In a related argument, the defendant argues in the fourth assignment of error that the trial court erred in ordering that defendant's ten year sentence on Count 5 for possession of heroin be served without benefit of parole. Defendant correctly argues that LSA-R.S. 40:966 does not authorize the sentencing judge to deny parole eligibility.
*890 Therefore, the trial court erred in denying parole eligibility for defendant’s sentence on Count 5. See State v. Bell, supra. Defendant’s parole eligibility is to be determined by the Department of Corrections pursuant to LSA-R.S. 15:574.4. For these reasons, defendant’s sentence on Count 5 is hereby amended to delete the portion denying parole eligibility.
In the third assignment of error, the defendant argues that the sentences imposed on Counts 1 and 2 should be vacated because the record does not indicate that valid guilty pleas were entered on these charges. The record shows that the defendant was indicted on Count 1 for distribution of cocaine and on Count 2 for possession of cocaine with intent to distribute. The defendant was tried only on Counts 3, 4 and 5 but was sentenced on the same day on Counts 1, 2, 3 and 5.
A guilty plea form is contained in the record which states that the defendant pled guilty to possession of cocaine with intent to distribute on Counts 1 and 2. Furthermore, a transcript of defendant’s Boykini-zation and guilty plea proceedings filed with this court on November 13, 1989 reveals that the defendant knowingly and voluntarily pled guilty to possession of cocaine with intent to distribute on Counts 1 and 2. Therefore, this assignment of error is without merit.
For these reasons, we affirm the sentences imposed for Counts 1 and 2 because the record reflects that the sentences were based upon valid and sufficient pleas of guilty. We affirm defendant’s convictions on Counts 3 and 5. However, we amend defendant’s enhanced sentence on Count 3 and his sentence on Count 5 to delete the portions denying parole eligibility.
COUNTS 1 AND 2: SENTENCES AFFIRMED.
COUNT 3: CONVICTION AFFIRMED; ENHANCED SENTENCE AMENDED.
COUNT 5: CONVICTION AFFIRMED; SENTENCE AMENDED.