598 So.2d 1267 (1992)
STATE of Louisiana
v.
Darren A. WRIGHT.
No. 91-KA-0677.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Mark E. Hanna, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for appellee.
Before CIACCIO, ARMSTRONG and PLOTKIN, JJ.
CIACCIO, Judge.
Defendant, Darren A. Wright, was charged by bill of information on June 13, *1268 1990 with a violation of LSA-R.S. 40:968(C)(2), possession of crack cocaine. He was arraigned on July 9, 1990 and pled not guilty. At trial, a six member jury found the defendant guilty as charged. The State subsequently filed a multiple bill, and on April 19, 1991 defendant was found to be a triple offender and was sentenced to serve five years at hard labor. He now appeals, based on a single assignment of error: the trial court erred in conducting a multiple bill hearing without first informing the defendant of his rights. We affirm.
Facts
On May 24, 1990, at 6:40 p.m. on the corner of Willow Street and Washington Avenue, NOPD Officers Steven Imbraguglio and Eric Hessler observed the defendant leaning into a vehicle and handing the driver a small object. The officers stopped and detained the defendant; in his right hand was a matchbox containing crack cocaine and a razor blade.
The defendant testified at trial that he is thirty-two years old, graduated from St. Augustine High School and attended college for about two years. Since then he has taken courses at business schools, but has never held a job for more than three months. He had pled guilty to theft three times. When he was asked if he had cocaine on May 24, 1990, he replied that he did not know.
Analysis
The multiple bill procedure is set forth in La.R.S. 15:529.1(D) which, at the time of defendant's conviction, provided in part:
(T)he district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.... if the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed.... [Emphasis added]
In State v. Martin, 427 So.2d 1182 (La. 1983), the Louisiana Supreme Court found that before a plea of guilty to a multiple bill can be said to have been knowingly and voluntarily made, the record must show that the defendant was advised of his right to a formal hearing on the multiple bill and his right to require the State to prove the issue of his identity as a multiple offender.
Further, this court in State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988), held that the trial court must inform defendant of these rights, including the right to remain silent, prior to defendant's plea on the multiple bill.
However, both the Supreme Court case of State v. Martin, and this circuit's holding in State v. Desmond turn on the issue of whether certain rights are recited prior to a voluntary guilty plea to a multiple bill, and are therefore factually distinguishable from the case before us.
In the present case defendant entered a plea of not guilty to the State's multiple bill and the trial court scheduled a formal hearing. At this hearing, the State introduced certified copies of three prior convictions which were provided to the defense. Defense counsel reviewed the documents and objected to the third conviction as there was no evidence provided that defendant, in pleading guilty to that offense, was informed of his constitutional right to appeal.
At this point, the following colloquy took place between the trial court and defense counsel:
By the Court:
All right. State, ahyou would stipulate to the identification of the person before us?
By Mr. Meyer:
Yes, Sir.
By the Court:

*1269 All right. Let the record reflect that there's a stipulation that the defendant is the same person previously convicted. State introduced S-1, -2, and -3, which are certified copies of the required documentation.
The Court then sentenced defendant as a third felony offender based on two of the three predicate offenses introduced by the State. The defendant's earlier sentence of five years was vacated by the court and defendant was re-sentenced to five years at hard labor. The maximum enhanced sentence defendant could have received was ten years. LSA-R.S. 40:967(C)(2); 15:529.1(A)(2)(a).
The defendant in this case was given a formal hearing where the State presented evidence of defendant's earlier convictions. Although defense counsel stipulated to the identification of defendant on these prior convictions without the necessity of the State producing a fingerprint expert to verify that defendant's fingerprints matched those on the earlier convictions, we find that in this instance the statutory requirements of LSA-R.S. 15:529.1 do not mandate the advisement of defendant's right to remain silent. The defendant, unlike Martin or Desmond, did not plead guilty to the multiple bill, but was rather adjudicated by the trial court as a multiple offender.
We also find this case to be distinguishable from the situation presented in State v. Johnson, 432 So.2d 815 (La.1983) where the trial court during a multiple bill hearing required, over defense objection, the defendant to testify that he was the person actually convicted in the predicate offense. Unlike Johnson, there was no indication in the present case that the State was unable to prove defendant's identity by competent evidence.
There can be no doubt that the right to remain silent is one of the rights which must be given to a defendant before he pleads guilty to a multiple bill. However, under the circumstances of the present case where defendant was given a formal hearing and competent evidence was introduced against him, we find no error of the trial court in failing to advise defendant of his right to remain silent before accepting defense counsel's stipulation as to his identity.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.