WRIT GRANTED AND MADE PEREMPTORY.
Applicant seeks supervisory review of the trial court’s denial of an application for post-conviction relief in which applicant claims that his adjudication as a multiple offender is invalid. He complains that the multiple offender proceeding was constitutionally infirm because, as the record shows, he was not advised of his right to remain silent before conceding his conviction of a prior felony. The trial court denied applicant post-conviction relief classifying his right to remain silent as statutory *322 and not constitutional, relying upon State v. Covington, 522 So.2d 1168 (La.App. 4th Cir.1988) and LSA-C.Cr.P. Art. 930.3(1).
LSA-R.S. 15:529.1(D) implicitly requires the court to advise a defendant of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983), cert. granted, 438 So.2d 1113 (1983), reversed on appeal and remanded for resentencing, 457 So.2d 1251 (La.App. 1st Cir.1984), affirmed on appeal, 471 So.2d 1041 (La.App. 1st Cir.1985). Although the statute directs the court to inform a defendant of his rights, the right to remain silent is derived from both the United States and Louisiana State constitutions. U.S. Const.Amend. 5 and 14; La. Const., Art. 1, § 2 and § 16. Because enforcement of the habitual offender law serves to deprive one of his liberty due to the enhanced penalty prescribed for multiple offenders, the Fourteenth Amendment due process guarantees apply. State v. Davalie, 313 So.2d 587, 590 (La.1975). The relevance of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, does not depend on the proceeding in which it is invoked, but rather on the nature of the admission and the resulting penalty exposure it invites. Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).
The Fifth Amendment right against self-incrimination applies at multiple offender hearings. Tasco v. Butler, 835 F.2d 1120 (5th Cir.1988); State v. Johnson, supra. When a defendant is required to incriminate himself, the Fifth Amendment guarantee is violated. Patty v. Bordenkircher, 603 F.2d 587 (6th Cir.1979). Here, because the defendant incriminated himself by entering a plea of guilty, without being informed of his right against self-incrimination and without making a knowing and intelligent waiver of that right, the defendant’s Fifth and Fourteenth Amendment due process rights have been violated. Therefore, since a due process violation exists, the defendant may properly raise this claim in an application for post conviction relief. We expressly decline to follow the Fourth Circuit cases, State v. Firmin, 522 So.2d 1181 (La.App. 4th Cir.1988), writ denied, 532 So.2d 759 (La.1988); State v. Covington, 522 So.2d 1168, 1169 (La.App. 4th Cir.1988); State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988).
We hold that the United States and Louisiana constitutions require that a defendant be informed of his right to remain silent at a multiple offender proceeding. Thus, applicant’s petition evidences a constitutional violation, and therefore, presents grounds for post-conviction relief. LSA-C.Cr.P. Art. 930.3(1).
For the foregoing reasons, applicant’s multiple offender adjudication and sentence are vacated and the matter is remanded to the trial court for a new multiple offender hearing.