599 So.2d 917 (1992)
STATE of Louisiana
v.
Kyron BREAUX.
Nos. 91-KA-2274, 91-KA-2275.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
Harry F. Connick, Dist. Atty., Robyn C. Gulledge, Asst. Dist. Atty., New Orleans, for the State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Kyron Breaux.
Before KLEES, CIACCIO and R. WARD, JJ.
WARD, Judge.
This is a consolidated appeal on behalf of Kyron Breaux. In the first case, # 345-210/ 91-KA-2274, he was charged by bill of information on September 11, 1990, with a violation of LSA-R.S. 14:69(A), possession of stolen property worth more than $500. He pled not guilty at his arraignment on September 27, 1990. Probable cause was found for the arrest on January 4, 1991, and on January 14, 1991, the day set for trial, Breaux withdrew his former plea and entered a plea of guilty as charged. On April 12, 1991, the State filed a multiple bill and at the hearing on the bill that day, Breaux was sentenced to serve six and two-thirds years at hard labor as a triple offender under LSA-R.S. 15:529.1.
In the second case, # 346-446/ 91-KA-2275, Kyron Breaux was charged by bill of information on November 21, 1990, with another violation of LSA-R.S. 14:69(A), possession of stolen property worth more than $500. He pled not guilty at his arraignment on November 29, 1990. On December 20, 1990, this case was transferred to Section J to be heard with the case above, # 345-210, and another case, # 346-445, involving him but not at issue here. On January 14, 1991, Breaux pled guilty and he was sentenced to serve six and two-thirds years at hard labor as a triple offender on April 12, 1991. This sentence is to be served concurrently with that given in the case above. He now appeals arguing the trial court erred in accepting the stipulations as to his identity without first advising him of his rights.
At the multiple bill hearing on April 12, 1991, there were stipulations as to the defendant's identity in two prior convictions, # 331-021 and # 328-901. The procedure to be followed at such a hearing is stated in La.R.S. 15:529.1(D) which provides in pertinent part:

*918 The district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true..... If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed.... [Emphasis added]
In State v. Martin, 427 So.2d 1182, 1184-85 (La.1983), this section of the statute was interpreted to require that the defendant be advised of his right to a formal hearing and to have the State prove its case. Additionally, this section implicitly requires that the defendant be advised of his right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983).
Because at most multiple offender hearings the only factual issue is whether the defendant is the same individual previously convicted of a felony as alleged in the bill, it is error to accept a stipulation before advising the defendant of his rights. An admission of identity at such a hearing is the equivalent of a plea of guilty. This principle was clearly enunciated in State v. Desmond, 524 So.2d 147 (La.App. 4th Cir. 1988), where the trial court never addressed the defendant and he was never informed of his rights. This court stated:
The trial court must inform the defendant of these rights prior to the defendant's plea on the multiple bill and before the defendant admits that he is the same person as charged in the multiple bill. If a defendant pleads guilty or admits that he is the same person charged in the multiple bill before the trial court informs him of the rights set forth in the R.S. 15:529.1(D), the defendant's conviction and sentence as a multiple offender must be vacated. Id. at 149.
In this case defendant did not acknowledge or confess in open court that he was a multiple offender. There was a trial of the issue. And this case is not like Martin or Desmond, or Johnson, supra. where there was a "hearing" only in the sense the defendant appeared before trial court, and acknowledged he was a multiple offender. In this case the defendant represented by counsel appeared and contested the charge. While it is true defendant's counsel, Mr. Joseph Meyer, stipulated that defendant was the same person named in the charges as being a multiple offender, identity was only one of the issues, and a minor one at that. Other issues were presented at the trial of this question, and defendant was present in court while his attorney discussed at length with the trial judge and the assistant district attorney the latest charges and convictions, the former charges and the colloquy between other judges and the defendant in those predicate offenses, arguing whether they were sufficient to form the basis for statutory requirements for a predicate offense, and other subtle points of law all in the presence of the defendant, without any indication that there was any question of identity. Mr. Meyer thoroughly examined the documents introduced, the transcripts, and compared the charges in the accusing document with the evidence. He argued they did not conform to either the evidence or the law. The trial court agreed. The assistant district attorney amended the charges to conform.
Counsel diligently represented relator and obviously concluded the best course of action was to stipulate to relator's identity and proceed from there to challenge the prior guilty pleas and convictions, and the application of the statute to the predicate and current offenses. After this, and only after this, did Mr. Meyer stipulate that the defendant was the same person who was previously convicted. And again, this was in the presence of the defendant.
*919 This is not the same as a plea of guilty where strict constitutional demands must be punctiliously met because the issue there is the most fundamentalthe question of guilt or innocence, where Supreme Court decisions require that a defendant, not his attorney, answer the questions of whether he is guilty or not. Careful and even scrupulous adherence to the letter of the law and perhaps to the forms required are justified there.
Statutory, not Constitutional, questions are presented here. Appellant was found to be a multiple offender after a hearing in which evidence of his status was introduced and during which his attorney stipulated that he was the same person who was previously convicted. This has no similarity to State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988), where the defendant admitted he was a multiple offender without being advised of his right to require the state to prove it. When the record clearly indicates that a hearing was conducted where counsel vigorously represented appellant, then counsel has the right to choose how best to defend against the charges, not this Court. In this case the defendant had a hearing, the state proved he was a multiple offender, and it would be foolish to now say the trial court erred by not advising defendant of his right to a hearing and the right to make the state prove his status. This appeal has no merit for those reasons.
AFFIRMED.
KLEES, Judge, concurring.
I can find no distinction between this case and State v. Wright, 598 So.2d 1267 (La.App. 4th Cir.) handed down April 30, 1992.