CIACCIO, Judge,
concurring for the following reasons.
Although defendant originally pled not guilty to the multiple bill, no formal adversarial hearing was conducted before her trial counsel stipulated to her identification in the predicate offense. Unlike State v. Wright, 598 So.2d 1267 (La.App. 4th Cir.1992) and State v. Breaux, 599 So.2d 917 (La.App. 4th Cir.1992) wherein the stipulations as to identity were made during the course of the adversarial hearing and after the state had introduced evidence to prove the predicate offenses and was prepared to prove the defendants’ identity, the proceedings in this ease, despite the not guilty plea, were conducted as if a guilty plea had been entered. Under these circumstances it was error for the trial judge to accept the *180 stipulation as to identity prior to informing the defendant of her rights as set forth in R.S. 15:529.1(D).
Accordingly, I concur in the remand.