hWALTZER, Judge.

STATEMENT OF THE CASE

On 15 January 1982, relator and a co-defendant were found guilty of two counts of armed robbery. On 28 September 1982, relator admitted to the allegations in a multiple bill of information charging him as a second felony offender. Thereafter, the trial court sentenced him as a second offender on each count to fifty years at hard labor, sentences to run concurrently. On appeal, this Court affirmed the convictions but vacated the sentences and remanded the case for resentencing. State v. Wheeler, 547 So.2d 12 (La.App. 4th Cir.1989). On 15 June 1990, relator elected a full hearing on the multiple bill of information previously filed by the State. Following the hearing, the trial court adjudicated relator to be a second felony offender with respect to count one and sentenced him to serve fifty years at hard labor. As to count two, the trial court sentenced relator to thirty-five years at hard labor to run concurrently with the sentence on count one. These sentences were vacated by the Louisiana Supreme Court, citing State v. Desdunes, 579 So.2d 452 (La.1991). State ex. rel Wheeler v. Shea, 629 So.2d 1161 (La.1993).
Before relator was resentenced pursuant to the Supreme Court’s order, he filed in this Court an application for writs, complaining that the trial court denied his motion to correct an illegal sentence, in which he had attacked the sufficiency of the evidence the State introduced on 15 June 1990, to prove the |2multiple bill of information charging him as a second felony offender. This Court granted the writ stating:
Relator’s habitual offender adjudication of June 15, 1990 is hereby vacated. Without the bill of information for the predicate offense, the State was unable to prove that relator was the same person who pleaded guilty to felony possession of stolen things. There was no similarity of name, date of *837 offense, victims, nature of the offense, or item number linking the arrest register to the prior felony conviction [citation omitted]. Accordingly, the matter is remanded to the district court for further proceedings. State v. Wheeler, 94-K-0643 (La. App. 4th Cir. 4/25/94).
After continuances, on 26 January 1996, the trial court refused to impose a new sentence, stating:
The court rules that the sentence is legal because the basis for second offender is a two year felony and can be used in a multiple bill hearing.
The relator, pro se, in 96-K-0419 and his counsel in 96-K-0424 now complain of the trial court’s ruling.

DISCUSSION

In 1993 the Louisiana Supreme Court vacated the relator’s sentences, and in 94r-K-0643 this court vacated the relator’s habitual offender adjudication because the state did not present sufficient proof that the relator was a second offender. According to the record before this Court, the relator has been incarcerated since 1993 without a sentence. Under these facts, the trial court erred in finding that the sentence was legal, because there was no sentence. Since the multiple offender adjudication was vacated by this court in 94-K-0643, the relator may not be sentenced as a multiple offender unless and until the state presents sufficient proof that he is, in fact, a second offender.
[ ^CONCLUSION AND DECREE
We grant these writs and vacate the trial court’s ruling. The trial court is directed to resentence the relator. Relator shall be sentenced as a first offender unless the state presents sufficient proof at resentencing that the relator has previously been convicted of a felony offense.

WRIT GRANTED. TRIAL COURT RULING VACATED, AND TRIAL COURT DIRECTED TO RESENTENCE RELATOR.