546 So.2d 1376 (1989)
STATE of Louisiana
v.
David TROPEZ.
No. KA-8375.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 1989.
*1377 Harry F. Connick, Dist. Atty. and Sandra Pettle, Asst. Dist. Atty., New Orleans, for the State.
Charles L. Elloie, New Orleans, for defendant.
Before SCHOTT, C.J., and WILLIAMS and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant, David Tropez, appeals his conviction of attempted possession of cocaine, in violation of La.R.S. 40:967(C). Defendant argues that the trial court erred in denying the motion to suppress, in finding the defendant to be a multiple offender, and in imposing an unconstitutionally excessive sentence. We affirm the conviction finding that the denial of the motion to suppress was correct. We vacate the multiple bill and remand for resentencing on the original conviction.
FACTS
David Tropez was charged with possession of cocaine in violation of La.R.S. 40:967(C) on August 29, 1986. A Motion to Suppress the Evidence was denied on December 4, 1986. The first trial on January 8, 1987 resulted in a mistrial when the jury could not reach a verdict. On February 5, 1987, the defendant was found guilty of the crime of attempted possession of cocaine at a second trial by jury.
Sargeant Cannatella testified as to the arrest, at both the motion hearing and the trial. He stated that a confidential informant, who had proved reliable in the past, called him on the night of August 29, 1986. The informant told him that David Tropez and Major Brown were involved in cocaine trafficking and that they were conducting their transactions in the 3700 block of Hamburg Street. The officer proceeded to the location at 10:30 P.M. When he turned the corner on to Hamburg Street in an unmarked police car, Cannatella testified that he saw the defendant standing near a car on the passenger's side. Major Brown was in the car on the driver's side. The officer testified that a third male standing nearby yelled police and fled on foot.
Cannatella testified that he pulled his police car in on an angle behind the car by which the defendant was standing. As Cannatella exited from the car, he stated at trial that he was drawing for his weapon. Major Brown exited the car he was in and put his hands on his head. The police officer stated that he observed the defendant walk toward him, hesitate and turn around again as if he was going to walk away. Cannatella saw the defendant throw an object to the ground. Cannatella ordered both men to freeze and put their hands on top of the car. He walked around the car to the defendant, and retrieved the object from the ground. Cannatella stated that based on his experience, the object thrown down appeared to contain cocaine. He immediately informed the defendant that he was under arrest.
Both suspects were taken to the police station. Major Brown was subsequently released. Tropez was charged with possession of cocaine.
*1378 At the second trial, after the jury found Tropez guilty of attempted possession of cocaine he was sentenced to two and one half years at hard labor on April 24, 1987. He was subsequently found to be a multiple offender under La.R.S. 15:529.1. The original sentence was vacated and he was resentenced to two and one half years.
MOTION TO SUPPRESS THE EVIDENCE
Sargeant Cannatella testified at the motion hearing and at trial concerning the confidential informant and the subsequent arrest of Tropez. In determining whether a ruling on a motion to suppress is correct, an appellate court is not limited to evidence adduced at the hearing on the suppression motion but may also consider pertinent evidence given at trial. State v. Harris, 444 So.2d 257 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1234 (1984). Therefore, this court will review the entirety of Sargeant Cannatella's testimony about the events that led to the arrest of the defendant.
The issue in this case is whether the police had the legal authority to seize the abandoned contraband. If the authority existed, the cocaine could be admitted at trial. However, if the cocaine was illegally seized, it could not be used at trial even if this results in the reversal of this conviction.
To determine if the police could seize the abandoned property, we must determine if the detention of the defendant was legal. If the detention was an investigatory stop, the admissibility of the evidence would depend on the legality of the stop. A law enforcement officer is permitted to stop any person in a public place "whom he reasonably suspects is committing, has committed, or is about to commit a felony or a misdemeanor." La.C.Cr.P. art. 215.1. The test of reasonableness in making the stop to investigate the crime becomes a question of the sufficiency of the officer's knowledge of the suspicious facts and circumstances. State v. Weathers, 320 So.2d 892 (La.1975). If the officers do not have the right to make the investigatory stop, evidence seized or otherwise obtained cannot constitutionally be admitted into evidence against one criminally accused, and this extends to property dropped or abandoned in response to an illegal stop. State v. Lawson, 256 La. 471, 236 So.2d 804 (La.1970). However, if the property is abandoned without any prior unlawful intrusion into a citizen's right to be free from governmental interference, then such property may be lawfully seized. State v. Wheeler, 416 So.2d 78 (La.1982).
In the instant case, we find enough reasonable suspicion to justify such a stop. The police had information from a confidential informant who had proved reliable in the past. This informant identified the defendant by name to be in the 3700 block of Hamburg Street trafficking in drugs. Officer Cannatella knew the defendant. The officer testified that he found him at the location specified by the informant standing on the side of a parked car. Cannatella testified that as he was exiting his car to investigate he observed the defendant throw an object to the ground. He told the defendant to freeze and put his hands on the car. He walked up behind him and reached down and picked up the plastic bag that had been abandoned. The officer believed the bag to contain cocaine and told the defendant that he was under arrest.
It is only when a citizen is actually stopped without reasonable cause or when that stop is imminent that the right to be left alone is violated thereby rendering unlawful any resultant seizure of abandoned property. State v. Chopin, 372 So.2d 1222 (La.1979). Because the officer had enough reasonable suspicion to make an investigatory stop, the abandoned property could be lawfully seized. We find that the denial of defendant's motion to suppress the evidence was proper.
MULTIPLE BILL
The defendant was adjudicated to be a multiple offender. His original sentence *1379 was vacated and he was resentenced to two and one half years at hard labor without the benefit of good time. In this appeal, he argues that the State failed to prove that less than five years had elapsed between the defendant's discharge from custody on a prior conviction and the commission of this offense. La.R.S. 15:529.1(C).
At the multiple bill hearing, the State introduced a docket master and minute entry of the prior conviction showing that on October 17, 1978, the defendant was sentenced to eighteen months in parish prison. The sentence was suspended and the defendant was placed on probation for three years.
The State must produce prima facie evidence that five years has not elapsed since the date of discharge from custody of the predicate offense. La.R.S. 15:529.1(F). The five year period provided by La.R.S. 15:529.1(C) begins to run from the date the felon is actually discharged from State custody and supervision. State v. Killion, 483 So.2d 1281 (La.App. 4th Cir.), writ denied, 492 So.2d 1215 (La.1986). While on probation, a person is still under the supervision of the State and is therefore in custody. State v. Battista, 517 So.2d 1096 (La.App. 3rd Cir.1987). Therefore, the State had to prove that the defendant in this case had not been discharged from the custody of the State, or in the defendant's case from probation, for a period of more than five years.
The Third Circuit examined the issue of the State's burden of proof to evidence the absence of the five year cleansing period in State v. Bennett, 524 So.2d 1297 (La.App. 3rd Cir.1988), appeal after remand, 544 So.2d 661 (La.App. 3rd Cir.1989). The State offered a 1978 bill of information and the minutes of court to prove defendant's prior felony conviction. The defendant had an actual jail sentence imposed for the previous conviction. The court stated that under La.R.S. 15:571.3 the defendant was eligible for a dimunition of sentence or "good time". Additionally, the court considered that the defendant could have had his sentence commuted or could have been paroled. The court found that because the State did not present prima facie proof of the actual date of discharge means as the presentation of a warden's certificate or other evidence of equal weight, the multiple bill sentence could not stand. Id. at 1305.
We find that, as in Bennett, the State, in the instant case, failed to present prima facie proof of the actual date of discharge from State custody. The defendant sentence was suspended but he was placed on three years probation. La.C.Cr.P. art. 897 provides that in a felony case the court may terminate the defendant's probation and discharge him at any time after the expiration of one year of probation. No evidence was offered to prove that the defendant was still under custody. The multiple offender sentence is, therefore, vacated.
EXCESSIVE SENTENCE
The defendant argues that his sentence was excessive. He was found guilty of attempted possession of cocaine and sentenced to the maximum sentence of two and one-half years. In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in La.C. Cr.P. art. 894.1 before imposing a maximum sentence. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984). However, in the instant case, the record does not contain any transcript of the sentencing hearing. We therefore cannot adequately review the trial court's imposition of the maximum sentence. This case must be remanded for resentencing to insure that the guidelines expressed in Quebedeaux have been followed.
CONCLUSION
For the above and foregoing reasons, we affirm the defendant's conviction holding *1380 that the Motion to Suppress the Evidence was properly denied as the evidence was seized as a result of an legal stop. We vacate the multiple offender sentence finding that the State did not present prima facie evidence that the five year cleansing period had not elapsed at the multiple bill hearing. We vacate the defendant's sentence on the attempted possession of cocaine conviction and remand for resentencing to insure compliance with La.C.Cr.P. art 894.1.
AFFIRMED IN PART; VACATED IN PART; REMANDED.