KLEES, Judge.
On November 6, 1989 the defendant Edward Allen was charged with possession with intent to distribute cocaine, a violation of R.S. 40:967. He was found guilty as charged by the jury on February 5, 1990 and was sentenced as a second felony offender to fifteen years at hard labor without benefit of parole, probation or suspension of sentence, with no good time eligibility and with credit for time served. From this conviction and sentence, defendant appeals.
On June 22, 1989 Officers McGray and Waguespack observed a red Cutlass being driven without a license plate in the Melpomene Housing Project. They pulled the car over. The driver got out. Officer McGray asked to see his driver’s license, Officer Waguespack shined a light in the Cutlass and saw a clear plastic bag containing “crack” cocaine on the floor of the car. Waguespack told McGray to handcuff the driver. As McGray reached for the handcuffs, the driver ran into the project. McGray pursued him, but lost him.
McGray returned to the Cutlass and retrieved the drugs. McGray still had the person’s driver’s license, which identified the driver as “Edward Allen.” A checkbook was found in the car with Edward Allen’s name on it. The car was then impounded and a warrant was issued for Edward Allen’s arrest.
On August 5, 1989 Officer Haydel received a telephone call regarding Allen’s whereabouts. The caller instructed Officer Haydel to go to an address on Mexico Street. Haydel went there and the informant told him what Allen was wearing and told him that Allen was driving a white Mustang. Haydel patrolled the area, locat *1183 ed Allen in the white Mustang and arrested him.
Sonja Red testified for the defense that on June 22, 1989, Edward Allen loaned her his Cutlass while he went to Raceland with his cousin, Regina Morris. She took the Cutlass to get gas. As she left the car to pay for the gas someone stole the Cutlass. She went to her house, which was near the gas station, and called the police to report the car was stolen.
The defendant testified in his own behalf that on June 22, 1989, he was in Raceland with his cousin Regina Morris. Upon returning from Raceland, his mother told him that his car had been stolen.
ERRORS PATENT:
A review of the record for errors patent reveals none.
ASSIGNMENT OF ERROR NO. 1
The defense contends that the trial court erred in denying its motion to continue trial based upon the absence of material defense witness, Regina Morris. Morris was the defendant's cousin. She would have testified that on June 22, 1989, when the officers stopped the Cutlass allegedly driven by defendant, the defendant was with her visiting relatives in Raceland. Her testimony would have corroborated the defendant’s own testimony.
The granting or denial of a motion to continue trial is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. State v. Benoit, 440 So.2d 129 (La.1983).
In this case, the State entered a stipulation as to what Regina Morris would say if she were called as a witness as is allowed under C.Cr.P. art. 710. The State did not stipulate as to the truthfulness of her testimony. The trial court judge read the stipulation to the jury. He said:
Ladies and gentlemen, both sides agree that if the defense were to call a witness at this time, the witness would be Regina Morris, that Regina Morris would testify under oath, that she was with the defendant in Raceland, Louisiana on June 22, and the 23rd of 1989 from the morning of the 22nd to the evening of the 23rd. The state is willing to stipulate that if she was called that’s what she would say. The state is not willing to testify that that would be the truth or its being false, merely that’s what the lady would say if she were here today. For whatever reason she is not here.
Since the jury heard what Regina Morris would have said, had she been available, the defense has not demonstrated how it was prejudiced by the denial of the motion to continue trial on the grounds that Morris was not present.
The defense contends that the State tried to withdraw from the stipulation or negate its effect based upon a couple of comments made by the State regarding “if Ms. Morris does in fact exist.” These comments were made before the stipulation was read to the jury by the judge and do not, as the defense alleges, indicate that the State was withdrawing the stipulation or negating the effect of the stipulation.
Additionally, the defense points out that the State did not stipulate to the truthfulness of Ms. Morris’ purported testimony. The State was not required to so stipulate under C.Cr.P. art. 710 and the trial court did not abuse its discretion in failing to require it to do so. Thus, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
The defense contends that the trial court erred in failing to declare a mistrial based upon the following comments made by State counsel during closing argument:
BY MR. WILLIAMS:
“... Now, did he go to Raceland? Did he go to Raceland? Let me make one thing clear real quick about this Regina Morris lady. I stipulated to her testimony because she’s not here, and I want to get this case tried. I'm not stipulating to the truth of what she’d say. Judge Waldron will charge you about stipulations, specifically “we’re not testifying to the truth of what she said,” merely that if she were called as *1184 a witness, that's what she would say. So you can’t go upstairs, and I’ll submit to you, ladies and gentlemen, and say “because the state stipulated to it that that’s what that woman would say, and it’s true.” Nobody has ever ever seen her.”
The defense objects to the last comment that “nobody has ever seen her.” The defense contends that this statement is outside the scope of closing argument and constitutes a withdrawal of the stipulation the State had entered regarding Ms. Morris’ purported testimony. C.Cr.P. art. 774 limits the scope of argument “to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case.” Even if the argument goes outside the scope set forth in C.Cr.P. art. 774, mistrial is not warranted unless the improper comment influenced the jury or contributed to the verdict. State v. Howard, 449 So.2d 69 (La.App. 4th Cir.1984).
The last comment merely refers to the fact that Ms. Morris did not actually testify, a fact obviously known to the jury and thus was within the scope of evidence presented. There is no reason to believe that this comment influenced the jury or contributed to the verdict. This argument is without merit.
ASSIGNMENT OF ERROR NO. 3
The defendant contends that the trial court erred in denying its motion to quash the multiple bill of information and in adjudicating the defendant a multiple offender based upon three grounds set forth in the motion to quash.
The first ground was that the multiple bill is defective facially and substantively because it does not indicate the length of sentence imposed upon the defendant on the predicate offense. While the State must prove the date the defendant is discharged from State custody on the predicate offense, no authority was cited or found which requires that the sentence imposed be included in the multiple bill. Evidence was presented at the hearing as to the sentence imposed, although this information was not included in the multiple bill. Having found no authority requiring that this information be included in the multiple bill itself, this argument is without merit.
The second ground was that the State did not demonstrate that the defendant was informed of his right to be tried by judge as well as by jury before he pled guilty to the predicate offense. When a prior guilty plea is used to enhance a sentence, the State has the burden of proving that the defendant, before he entered the guilty plea, expressly waived his right to trial by jury, his right to confront his accusers and his privilege against self-incrimination. State v. Rogers, 555 So.2d 500 (La.App. 4th Cir.1989). In this case, the State produced the colloquy between the judge and the defendant in which the judge specifically informed the defendant of each of these rights before the defendant entered the guilty plea. Thus, this assignment of error is without merit.
The third ground was that the State failed to prove that five years had not elapsed from the defendant’s date of discharge on the predicate offense and the commission of the instant offense.
The State must demonstrate by prima facie evidence that five years has not elapsed since the date of discharge from the sentence imposed on the predicate offense. R.S. 15:529.1(F); State v. Tropez, 546 So.2d 1376 (La.App. 4th Cir.1989). The five year period begins to run from the date the defendant is actually discharged from State custody and supervision. Thus, the State must prove that the defendant has not been discharged from the custody of the State for more than five years when the present offense occurred. Tropez, supra.
In State v. Nasworthy, 542 So.2d 715 (La.App. 4th Cir.1989), the defendant was found guilty of an armed robbery committed on November 28, 1986. The State filed a multiple bill. The basis of the multiple bill was a prior offense of which the defendant was convicted on November 12, 1980. He was sentenced on this predicate offense *1185 to three years imprisonment. At the multiple bill hearing, the State offered no proof of the date on which the defendant was discharged on the three year sentence, but the trial court nevertheless found the defendant to be a multiple offender. This Court on appeal vacated the multiple offender adjudication because the State, by not demonstrating the date of discharge, failed to prove that less than five years had elapsed between the defendant’s discharge on the previous sentence and the commission of the armed robbery.
In this case, the defendant pled guilty to the predicate offense of burglary on July 24, 1980 and was sentenced on September 30, 1980 to nine years at hard labor with credit for time served. The State offered no evidence regarding the date on which the defendant was discharged on this offense. However, at trial, the defendant testified that he had gotten out of jail on the predicate offense in 1984, before the nine year term had elapsed, but that he had not fulfilled the parole conditions imposed as a condition of his early release. He said that he had subsequently been re-incarcerated for violating parole in connection with the predicate offense and was not released until January of 1989. The trial judge at the multiple bill hearing took judicial notice of the defendant’s testimony at trial on this issue and said that the State had offered to place the trial testimony into evidence to prove the date of discharge. Since the trial testimony showed that the date of discharge for the predicate offense was in January 1989 and the instant offense was committed in June 1989, the State adequately proved that the five years had not elapsed from the date of discharge on the predicate offense and the commission of the present offense. Thus, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5
The defense contends that the trial court erred in denying its motion for new trial. It asserts that it learned after trial that Regina Morris did not appear to testify as a defense witness because she was having a baby the morning of trial and that her testimony constituted “newly discovered evidence” warranting a mistrial under C.Cr.P. art. 851(2), (3) or, alternatively C.Cr.P. art. 851(5).
A trial court’s discretion in ruling on a motion for new trial will be given great weight, but, if the exercise of that discretion is arbitrary and unjust, the ruling on the motion for new trial will be set aside. State v. Knapper, 555 So.2d 1335 (La.1990); State v. Talbot, 408 So.2d 861 (La.1980).
For a motion for new trial based upon newly discovered evidence to be granted, the defendant must prove:
1) That the new evidence was discovered after trial.
2) That failure to discover the evidence prior to trial was not due to the defendant’s lack of diligence.
3) That the evidence is material to the issues at trial.
4) That the evidence is of such a nature that it would probably produce a different verdict in the event of retrial.
(emphasis added) Knapper, supra.
In this case, the State stipulated at trial as to what Regina Morris’ testimony would have been had she testified. The defense does not assert on appeal that her live testimony would have been any different from what was contained in the stipulation. Thus, the defense has not shown that the defendant was prejudiced by Ms. Morris not testifying at trial. Thus, this assignment of error is without merit.
Accordingly, defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.