ARMSTRONG, Judge.
On September 10, 1982, defendants, Frank Johnson and Desmond Lewis were each charged by bill of information with armed robbery. On August 24, 1982 they both pleaded not guilty. They were tried together on April 27, 1983, by a twelve person jury, which found them both guilty as charged. Their motions for new trial were denied, and the State filed multiple bills as to each defendant. On September 6, 1983, Johnson’s multiple bill hearing was held at which time he was found to be a second offender; and, on September 7, 1983, he was sentenced to 198 years at hard labor without benefit of probation, parole, suspension of sentence, or good time. On October 4, 1983, Lewis admitted his identify at his multiple bill hearing and was found to be a second offender. Lewis was then sentenced to 198 years at hard labor without benefit of probation, parole, suspension of sentence, or good time. Both men appealed; and, their counsel filed an “errors patent” brief. This court affirmed their convictions and sentences. State v. Johnson & Lewis, unpub., (KA-1516, La. App. 4th Cir., Nov. 14, 1984). Pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990), defendants were given an out-of-time appeal on November 12, 1991.
The record reflects that on August 24, 1982, Detective Joseph Polit and Sergeant George Tolar were conducting surveillance of the Katz & Besthoff (K & B) Drug Store on Harrison Avenue. At approximately 8:15 a.m., they saw two black males, later identified as Frank Johnson and Desmond Lewis, come from behind the store through a service alley, look in each direction, walk to the front of the store, and talk briefly. The police officers then saw Lewis enter the store, while Johnson remained outside. Lewis came out a short time later and again talked briefly with Johnson. Both men then entered the store with Lewis pulling a bandanna over his nose. Polit and Tolar believed the two men were going to rob the store and called for assistance. Polit went to the back door of the store, and Tolar stayed in front.
Inside the store, Lewis approached Anthony Parra, the store’s janitor, pointed a gun at him, and ordered him to lie on the floor at the back of the store. He also ordered Kevin Sallinger, cashier, into the store’s office. Mason Green, manager of the K & B, was ordered by Lewis to fill up a bag with everything in the safe. Green saw Johnson crouched down in the pharmacy department. Emile Maffei, a pharmacist, was ordered by Lewis to give him a bottle of Preludin which he did. Maffei also saw Johnson crouched down, and he saw a gun in Johnson’s hand. Phyllis Valdin, a customer, saw the two men at the door, was grabbed by the neck, and a gun held to her head by Lewis as she was taken to the back. She was released outside the rear of the store as Lewis jumped over the fence. Lewis was captured a short time *928 later, and Johnson was arrested as he left through the front door. Johnson denied all involvement in the robbery and testified that he had been on his way to apply for a job at Fitzgerald’s Restaurant.
A review of the record reveals an identical error patent regarding the sentences of both defendants. The sentencing transcript shows that the sentences of both defendants were imposed without benefit of good time eligibility. The trial court lacks the discretion under R.S. 15:571.3 to deny good time eligibility even where a defendant would be ineligible for good time credits under that statute. State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988). Accordingly, defendants’ sentences are hereby amended to delete this provision. (But see Assignment of Error No. 2, infra).

ASSIGNMENT OF ERROR NO. 1:

In their first assignment of error, defendants complain that the trial court abused its discretion and violated their due process rights in compelling them to be tried while handcuffed, shackled, and under armed guard.[1] They assert that continuing objections were made to their being so restrained, but no such objections appear in the record. They rely on other trials at which Johnson was restrained and under guard and to Johnson’s sentencing hearing in the present case at which he restrained and guarded. But, this does not prove that at their trial either of them were in any way restrained or under armed guard. They have also attached to their brief a copy of a ruling by the trial judge ori an application for post-conviction relief in which he refers to the use of guards and restraints as proof; however, this ruling is from a different case in which Johnson was defendant. Due to the total lack of evidence of the use of restraints or guards in this case, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. 2:

In their second assignment of error, defendants complain that the State failed to prove that they were multiple offenders. Because the grounds asserted by each defendant are different, they will be discussed separately.

Frank Johnson:

Johnson asserts that the State did not prove his multiple offender status in that it failed to introduce a statement from the court in which his prior conviction was had and to prove the date of discharge on the predicate conviction. The prior offense was a September, 1973 conviction for manslaughter for which he received a fifteen year sentence. Johnson also argues that the Frank Johnson named in the arrest register was not proven to be the same Frank Johnson convicted of manslaughter based on the fingerprint evidence presented by the State.
A review of the multiple bill hearing transcript shows that no evidence was introduced regarding the date Johnson was discharged from prison on the predicate offense; and, none of the documentary evidence submitted by the State establishes whether Johnson was discharged after August 24, 1977, five years before the present offense. In its brief, the State points to Johnson’s trial testimony in which he stated that he served eight years and five months on the 1973 conviction. (Vol. 2, 4/29/83 tr., p. 4).
R.S. 15:529.1 F requires the State to demonstrate by prima facie evidence that five years have not elapsed since the date of discharge from the sentence imposed for the predicate offense. State v. Allen, 589 So.2d 1180 (La.App. 4th Cir.1991), writ granted in part, denied in part 594 So.2d 884 (La.1992); State v. Tropez, 546 So.2d 1376 (La.App. 4th Cir.1989). In Allen, supra, this court held that the State proved the date of discharge based on the defendant’s trial testimony of which the trial court had taken judicial notice at the multiple bill hearing. Additionally, the State had offered to place the testimony into evidence at the hearing.
The present case differs from Allen in that no judicial notice was taken of Johnson’s testimony about his length of imprisonment. In fact, there was no reference at all to Johnson’s trial testimony. In order to conclude that the State proved the date of dis *929 charge, the record would have to be examined as a whole, not just the evidence presented at the multiple bill hearing. Based on Johnson’s trial testimony that he served eight years and five months on the September 1973 conviction, his date of discharge was well within the five year period. However, looking just at the evidence presented at the multiple bill hearing and limiting Allen to situations involving judicial notice of trial testimony, the State failed to establish a prima facie case as to the date of discharge, thus requiring that the multiple offender adjudication be vacated.
Although it appears that there is merit to Johnson’s argument regarding the State’s failure to prove date of discharge, his other arguments regarding the multiple bill will be addressed. As to his argument that the State failed to produce a statement “from” the court in which his prior conviction was had, it seems that he is misreading R.S. 15:529.1 P. That provision actually refers to a statement “of’ the court in which court the conviction was had. This apparently means that the State has to show in which court the predicate conviction occurred; and, in the present case, the State showed that Johnson’s predicate conviction was had in Section “E” of the Criminal District Court for Orleans Parish. Hence, this contention is mer-itless.
Johnson’s final argument concerns whether the State proved that he was the same Frank Johnson convicted of manslaughter in September, 1973. He asserts that there was no proof of connexity between the arrest register for the Frank Johnson arrested for first degree murder and the Frank Johnson who subsequently pleaded guilty to manslaughter. The fingerprints on the certified copy of the arrest register were compared to ones given by Johnson shortly before the multiple bill hearing, and the State’s fingerprint expert concluded that they were from the same person. In addition to this evidence, the State submitted a copy of the guilty plea colloquy in Case No. 235-680, and the bill of information in Case No. 235-680 charging Frank Johnson with the murder of Darryl Walker on May 24, 1973. The reverse of the bill of the bill of information bore the police item number, E-21634-73, which was the same item number on the arrest register. The arrest register listed Darryl Walker as the victim and the date of the offense as May 24, 1973. The guilty plea colloquy noted that Johnson was pleading guilty to a reduced charge of manslaughter after having been charged with murder.
Taking all of this evidence together, the State proved that the Frank Johnson whose fingerprints appeared on the arrest register for murder was the same Frank Johnson who pleaded guilty to manslaughter; hence, the State proved that the Frank Johnson in the present case, whose fingerprints matched those on the arrest register, was the one who had a prior conviction for manslaughter. This particular argument is without merit.

Desmond Lewis:

Lewis argues that his multiple offender adjudication was invalid because the trial judge failed to advise him of his right to remain silent before accepting Lewis’ admission of identity. At Lewis’ multiple bill hearing, the following transpired:
BY MR. WILLIAMS:
Your Honor, we could expedite things. Mr. Lewis will not contest that he is the same Desmond Lewis convicted in Jefferson Parish.
BY THE COURT:
He’s willing to admit he’s one and the same Desmond Lewis with a prior conviction in Jefferson Parish outlined in the bill of information charging him as a habitual offender, under the provisions of R.S. 15:529.1?
BY MR. WILLIAMS:
That’s right.
BY THE COURT:
You understand, through your attorney, you’re admitting that you are one and the same Desmond Lewis who had a prior conviction in the Parish of Jefferson, State of Louisiana, outlined in the bill of information the district attorney has filed; is that your wish at this time?
BY THE DEFENDANT:
That’s it.
*930 BY THE COURT:
You understand you don’t have to admit to that fact at this time? If you want to, Mr. Williams can contest that fact in this court.
(Mult, bill tr., 10/4/83, pp. 1-2)
The State then introduced the Boykin colloquy of Lewis’ conviction in Jefferson Parish; and, the trial judge told Lewis he had the right to contest it “as to the proof of who you are regarding the constitutional rights that are yours at this time.” {Id., p. 3) The judge then noted that Lewis did not wish to have the fingerprint expert testify, to which Lewis replied in the affirmative.
R.S. 15:529.1 D provides (as of the time of Lewis’ adjudication):
D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony had previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. (Emphasis added).
Thus, before accepting a defendant’s admission that he is a multiple offender, the trial judge must specifically advise the defendant of his right to a formal hearing and to have the State prove its case. State v. Johnson, 432 So.2d 815 (La.1983); State v. Amos, 550 So.2d 272 (La.App. 4th Cir.1990); State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), writ denied 472 So.2d 913 (La.1985). The trial judge must also advise the defendant of his right to remain silent. Id.
In State v. Wright, 598 So.2d 1267 (La.App. 4th Cir.1992), writ denied 604 So.2d 969 (La.1992), the defendant stipulated to his identity, but the trial court failed to advise him of his rights. However, the failure to advise the defendant of his rights was not erroneous because the State put on other evidence to prove his earlier convictions. This court concluded that because the defendant did not plead guilty to the multiple bill but was instead adjudicated a multiple offender, he need not be advised of his rights. See also State v. Miguel Stemley, 618 So.2d 455 (La.App. 4th Cir.1993).
The present case appears to be similar to WHght in that the State did not rely solely on Lewis’ stipulation to his identity. The State introduced the Boykin colloquy of the predicate offense, and the trial court adjudicated Lewis a multiple offender. Hence, Lewis’ argument lacks merit.

ASSIGNMENT OF ERROR NO. 3:

In this assignment of error, Johnson alone asserts that the State failed to prove his guilt of armed robbery beyond a reasonable doubt. In his prior appeal, this court reviewed the record for sufficiency of the evidence pursuant to State v. Raymo, 419 So.2d 858 (La. 1982); and, after viewing the evidence in the light most favorable to the prosecution, this court concluded that a rational trier of fact could have found that each essential element of armed robbery had been proven, as required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because the record contains nothing new, there *931 is no need to reexamine the evidence for sufficiency; hence, this assignment of error is without merit.
For the foregoing reasons, defendants’ convictions are affirmed. As to defendant Frank' Johnson, his multiple offender adjudication is hereby vacated for failure to prove that the five year cleansing period had not elapsed and the ease is remanded to the trial court for resentencing. As to defendant Desmond Lewis, his sentence is hereby amended to delete the provision denying good time eligibility, and the sentence as amended is affirmed.
LOBRANO, J., concurs in part and dissents in part.

. Defendants list this in their brief as Assignment of Error No. 1 but argue it as Assignment of Error No. 2, while the listed Assignment of Error No. 2 is argued as Assignment of Error No. 1.