BYRNES, Judge.
James Edgar appeals his conviction of aggravated rape and attempted first degree murder. He was sentenced to serve a life sentence on the aggravated rape count and fifty years at hard labor on the attempted murder count with the sentences to run concurrently. He thereafter was found to be a multiple offender. The court sentenced Edgar on the attempted murder count to fifty years at hard labor without benefit of probation, parole or suspension of sentence. La.R.S. 15:529.1. This was the same sentence as before. The court noted that defendant would get good time. The defendant appeals seeking a new trial and relies on three assignments of error. We affirm.
The facts are not at issue.
On the evening of November 21, 1984, the victim was waiting for a bus at the corner of Jackson and St. Charles in New Orleans. The subject hit her on the back and dragged her to a nearby abandoned gas station. He then removed her clothes and raped her. During the perpetration of the rape, the subject beat the victim and cut her neck with a knife.
Mr. Eliot Roundtree saw the subject pulling the victim to an abandoned gas station, and upon hearing her scream, he went to a nearby hotel where he asked a clerk to call the police. The police arrived and were directed to the gas station where they heard a person whimpering for help and another voice saying, “shut up you bitch, and be quiet”. Upon further inspection, the officers observed the defendant on top of the victim in the perpetration of sexual intercourse. After ordering the defendant to stop, they arrested him. The officers testified that the defendant was in a coherent state at the time of the arrest.
The victim suffered a laceration to the neck as well as trauma to the vaginal and rectal areas. The police searched the crime scene and located a folding knife.
The defendant testified that he had been in the French Quarter drinking and doing drugs with three other men on the night in question. He was walking down St. Charles Avenue to wait for the streetcar or walk home. He further testified that the next thing he remembered was waking up in central lockup. Defense’s witness, Leon Peralla, corroborated defendant’s story that he was drinking and doing drugs in the French Quarter that night.
In his first assignment of error, the defendant contends that he was improperly subjected to double jeopardy. The Louisiana Code of Criminal Procedure Article 596 protects an accused from a second prosecution for the same offense, and it protects him from multiple punishments for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983). Accordingly, when the same criminal conduct is a violation of two statutes, we must determine whether a conviction for each offense requires proof of an additional element which the other does not. Id. at 766. “The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not ...”. Id.; State v. Knowles, 392 So.2d 651 (La. 1980).
In this case, Edgar was convicted of aggravated rape and attempted first degree murder.
Louisiana Revised Statute 14:41 defines rape, providing in part:
B. Emission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime (emphasis added).
Edgar’s conviction of attempted murder did not include proof of the element of penetration. Since rape requires the additional proof of the element of penetration, rape is a separate offense arising out of the same transaction. Therefore Edgar was not placed in double jeopardy *90 for the conviction of attempted murder and aggravated rape.
In his second assignment of error, Edgar contends that the state failed to present sufficient evidence to sustain a conviction for attempted first degree murder. Edgar alleges that the state has failed to establish that he had the specific intent to kill the victim. In reviewing a sufficiency challenge, this court must determine whether, when viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have found that the state proved beyond a reasonable doubt that the defendant committed acts necessary to constitute every element of the pífense charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 420 So.2d 1126 (La.1982).
Louisiana Revised Statute 14:30 defines first degree murder in part:
(A)(1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perperation of ..., aggravated rape,....
Specific intent to kill or inflict great bodily harm may be inferred from the cir-' cumstances of the crime and the defendant’s activities. LSA-R.S. 15:445; State v. Williams, 383 So.2d 369 (La. 1980), cert. den. 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 828 (La. 1981). Throughout the whole episode, Edgar beat the victim. Also, Edgar slashed a seven centimeter cut with a folding knife, along the victim’s neck. Officer Savage testified he could not tell if the victim was “alive or dead from the amount of blood and her face was swollen and her eyes all out.” Doctor Ward testified that the laceration was very large and deep and “very close to the area which would do a lot of destruction.” Considering the record, the jury could have found beyond a reasonable doubt that Edgar had a specific intent to kill or inflict great bodily harm upon the victim, and that Edgar perpetrated the crime of attempted first degree murder.
The defendant further alleges in his third assignment of error that the trial court failed to advise him of his rights before pleading guilty as a multiple offender and that he was, therefore, improperly sentenced pursuant to La.R.S. 15:529.1. These contentions are not supported by the multiple bill hearing transcript.
Louisiana Revised Statute 15:529.1 provides that a defendant may plead guilty to a multiple bill only after being duly cautioned of his rights. These rights include the right to require the state to prove his identity as a multiple offender, the right to a formal hearing and the right to remain silent. State v. Martin, 427 So.2d 1182 (La.1983); State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983); State v. Johnson, 432 So.2d 815 (La.1983).
In the present case, the colloquy between the trial judge and defendant revealed that the defendant was duly cautioned of his rights prior to his plea of guilty. It established that defendant was represented by counsel and had previously been convicted of felony theft.
Following is the pertinent portion of the transcript from the multiple offender hearing:
BY MR. COLWART:
I’ve discussed this situation with Mr. Edgar and he wishes to admit that he is ... [a] multiple offender and that he has been convicted of felony theft. He’s waiving his right to a hearing.
BY THE COURT:
Do you understand ... [that] you are waiving your right to a hearing that you could have had on this multiple bill?
BY THE DEFENDANT:
Yes, sir.
BY THE COURT:
Do you understand also that you have a right to bring forward witnesses ... ? You also have a right against further self incrimination and you wouldn’t have to testify and the State would have to prove up this bill of information beyond a reasonable doubt that you had previously had a conviction ... ? [Do] you understand that you are giving up those rights by entering this plea?
BY THE DEFENDANT:
Yes, sir.
*91 We therefore find that defendant was duly cautioned of his rights prior to entering his plea as multiple offender.
For these reasons, we find that James Edgar is a multiple offender as defined by La.R.S. 15:529.1.
For the foregoing reasons, we affirm the conviction and sentence.
AFFIRMED.
LOBRANO, J., concurs.