670 So.2d 573 (1996)
STATE of Louisiana
v.
Joseph A. HOLMES.
No. 95-KA-0208.
Court of Appeal of Louisiana, Fourth Circuit.
February 29, 1996.
*574 Harry F. Connick, District Attorney of Orleans Parish, Susan M. Erlanger, Assistant District Attorney of Orleans Parish, New Orleans, for Plaintiff/Appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before BARRY, LOBRANO and JONES, JJ.
JONES, Judge.
Appellant was charged with two counts of forgery. A jury trial was held on count one only, and the appellant was found guilty as charged. The State filed a multiple bill of information charging the appellant as a second felony offender.[1] The appellant admitted to the multiple bill of information, and was sentenced under the Habitual Offender statute to serve seven years in the Department of Corrections. He appeals.
On May 3, 1993 the appellant entered Anykind Check Cashing on Gentilly Boulevard and presented an S.S.I check in the name of Monroe Taylor for cashing. The appellant presented an identification card in the name of Monroe Taylor to the teller, Monique Christmas. Ms. Christmas testified that when the appellant presented the check she requested that he sign the back of the check as well as place his phone number and social security number on the back of the check. The appellant complied as instructed, except he did not furnish a phone number, informing Ms. Christmas that he did not have a phone. Ms. Christmas photographed the appellant and completed an application with all of appellant's personal information. The *575 appellant signed the application upon completion. Ms. Christmas presented the check to the store manager, Stephanie Joseph, for verification. Ms. Joseph testified that when she looked Monroe Taylor's name up in the phone book she called and spoke with the victim, Monroe Taylor, who informed her that he never received his S.S.I check. Upon learning this information Ms. Joseph contacted the New Orleans Police Department. Officer Willie Franklin arrived shortly thereafter and arrested the appellant outside of the store.
When the victim testified at trial, he indicated that he did not give anyone permission to cash his check. The State also presented an expert in handwriting comparison, Police Officer James Dupuis, who testified that the signature on the check was that of the appellant. The appellant did not present any witnesses at trial.
A review of the record for error patent reveals none.
By his first assignment of error, the appellant argues that the record does not contain evidence that a multiple bill hearing was held.
On January 14, 1994 the trial court sentenced the appellant. The trial court began the hearing by recapping what had occurred since the day of trial:
BY MR. BERRY: Back on December 13th, Mr. Holmes was found guilty of count 1 of forgery. And on the same date he pled guilty to the multiple bill.
BY THE COURT: Mr. Lewis, this is Joseph Holmes. Mr. Holmes was convicted by a jury on December 13.... And Mr. Holmes then entered a plea of guilty to a multiple bill, where he was alleged to have had one prior felony conviction, I believe. That is correct; one prior felony conviction. Is Mr. Holmes now ready for sentencing?
On February 6, 1995 the appellant filed this assignment of error along with a motion to supplement the record. The appellant argued that there was no documentation in the record to verify that the appellant admitted to the multiple bill of information on December 13, 1993. The appellant requested a transcript of the multiple bill hearing which occurred on December 13, 1993. On February 13, 1995 this Court issued an order directing the trial court to furnish this Court with the transcript of the multiple bill hearing which actually occurred on December 20, 1993.
Subsequently, the appellant filed his brief, and on March 6, 1995 the trial court forwarded this Court the multiple bill hearing transcript. The cover page of the transcript reads as follows: "TRANSCRIPT OF GUILTY PLEA TO MULTIPLE BILL HELD ON THURSDAY, JANUARY 20, 1994, BEFORE THE HONORABLE CALVIN JOHNSON, JUDGE PRESIDING." The certificate of the transcript reads as follows:" ... I, Marsha A. Mackie ... do hereby certify that the foregoing transcript consisting of five (5) pages is a true and correct transcript ... in the matter of State of Louisiana versus Joseph L. Holmes, Docket No. 363-477, held on Monday, December 20, 1993...."
On April 5, 1995 the appellant petitioned the court to supplement his brief. The appellant noted the discrepancy between the date on the cover page of the transcript and the minute entry which indicated that the sentencing hearing was held on January 14, 1994, six days prior to the multiple bill hearing.
It appears that the multiple bill hearing was held on December 20, 1993. The minute entry of December 20, 1993 indicates that the multiple bill was filed on that date. Further, the certification by the court reporter indicates that the hearing was held on December 20, 1993. A multiple bill hearing was held prior to the sentencing date of January 14, 1994. The appellant is not prejudiced by the court reporter's error on the cover page of the multiple bill hearing transcript. This assignment of error is without merit.
By his second assignment of error, the appellant argues that his plea to the multiple bill of information was not a knowing and voluntary waiver of his constitutional rights.
La.R.S. 15:529.1(D) provides that the trial court shall inform the defendant of the allegations contained in the multiple bill of information *576 and of his right to be tried as to the truth thereof according to law prior to asking the defendant whether the allegations are true. Furthermore, if a defendant pleads guilty to the multiple bill or "if he acknowledges or confesses in open court ... that he has been so convicted", the trial court must first duly caution him as to his rights.
In State v. Martin, 427 So.2d 1182 (La. 1983) the Louisiana Supreme Court found that before a plea of guilty to a multiple bill can be said to be made knowingly and voluntarily, the colloquy between the trial judge and the defendant must show that the defendant was advised of his right to a formal hearing on the multiple bill and his right to require the State to prove the issue of his identity as a multiple offender.
In State v. Johnson, 432 So.2d 815 (La. 1983), decided only a few months after Martin, supra the Louisiana Supreme Court held that La.R.S. 15:529.1(D) implicitly (emphasis added) provides that the defendant should be advised by the court of his statutory right to remain silent before the judge accepts his plea of guilty to the multiple bill. The court found that the right against self-incrimination does not depend on the nature of the proceedings and held that the defendant, after pleading not guilty, was no longer required to speak and, without being advised of his right to remain silent, his acknowledgement or confession of his prior felony conviction was invalid.
This Court in State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), writ denied 472 So.2d 913 (La.1985), held that the defense counsel's assurances that he had advised the defendant of his rights did not satisfy sufficiently the requirements of La.R.S. 15:529.1(D) that the court must personally advise the defendant of his rights.
At the multiple bill hearing the trial court informed the appellant that the State had filed a multiple bill of information charging the appellant as a second felony offender.
BY THE COURT: Mr. Holmes, in your case, Mr. Holmes, the State has filed a multiple bill of information. In this multiple bill of information they allege that you have one prior felony conviction, in that, Mr. Holmes, you were convicted on the 17th of June of 1986 for simple burglary. You pled guilty of that offense.
BY THE DEFENDANT: That's not me.
BY THE COURT: Mr. Holmes, you can force the State to prove that it is. You're saying it's not you. The State is claiming, Mr. Holmes, that you were convicted in 1986 of a simple burglary where you pled guilty in Section "J".
BY MR. BERRY: I'm sorry, Your Honor. I miss-correctly wrote on the bill. I have to file another.
The State proceeded to amend the bill to reflect that the appellant had pled guilty to theft in excess of $500.00. The trial court advised the appellant that he could force the State to prove the allegations in the multiple bill of information or that he could admit to the allegations in the bill. After explaining this to the appellant he still had questions about the prior conviction:
BY THE DEFENDANT: I thought I was there for a possession of stolen property.
BY THE COURT: I am going to set the matter for a hearing on the bill. Do you have certifieds".
The trial court continued to explain in further detail the prior conviction:
Mr. Holmes, you were originally charged with burglary of an automobile. That offense was amended to theft of an automobile valued in excess of five hundred dollars. The automobile, being a 1984 Buick Riviera belonging to a Debra Sheppard. That was the offense you allegedly pled guilty to on June 17, 1986, Philip Johnson, representing you. You entered a plea of guilty as charged to that offense and received probation. I'm looking at, Mr. Holmes, a waiver of constitutional rights and a plea of guilty form that has your name at the bottom of it, Joseph Holmes, and your signature at the bottom of it, Joseph Holmes. I'm looking at an arrest register for the same where you were arrested for possession of stolen property and burglary of an automobile.... Mr. Holmes, I will allow you to look at this with your attorney, and you can tell us if that's your matter.
*577 After the appellant reviewed the documents he admitted to his identity. The trial court explained in detail the allegations of the prior conviction. There is no indication, however, that the trial court advised the appellant of his right to remain silent prior to accepting his admission on the multiple bill of information. Applying the rule of Johnson, supra, the appellant's acknowledgement of his prior felony conviction is therefore invalid. This assignment of error has merit.
In his pro se assignment of error, the appellant argues ineffective assistance of counsel at trial because counsel breached the attorney client privilege. The appellant contends that during closing arguments counsel informed the jury that the appellant admitted to him that he committed the crime. The appellant asserts that he did not tell counsel that he was guilty of the forgery. The appellant argues that the jury had no other choice than to return a verdict of guilty after hearing his own attorney admit his client's guilt.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir. 1990); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4th Cir. 1986); State v. Landry, 499 So.2d 1320 (La. App. 4th Cir.1986).
The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La. 1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced him. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 687, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra at 694, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
The following is an excerpt from the closing argument of the defense:
BY MR. LEWIS: All that's true. We admit it. But you hear from Mr. Taylor himself that he believes that his granddaughters actually took the check.... Those daughters were subpoenaed to come today. I don't know if they made it or not. But they're old enough to be in this court to testifyI mean those granddaughters. Mr. Holmes has been here with us back there in jail back there since, when, May 3rd, 5th month. 3rd date of '93. He admitted to me a long time ago that he participated in this scam. But he was only one participant. And that's corroborated by the victim himself, Mr. Taylor.... Now, he admits that he is guilty to a certain degree, because he participated in it. But he was urged to do it by the granddaughters. Now, I don't know if that makes any difference to anybody, but he thought it would make a difference. That's why we're having a trial. That's why we had this trial today, because he thought that he was being railroaded and made the scapegoat here.... So it's your job here today toyou're going to go back upstairs and search your consciences to see whether or not this man should serve the amount of time that the judge will have to determine. The statute also says that Mr. Holmes, sitting at that table, could possibly be incarcerated for up to 10 years....
*578 At trial an eyewitness, Monique Christmas, witnessed the appellant forge the victim's name. The appellant endorsed the check in the presence of Ms. Christmas. Photographs were taken showing that the appellant presented the stolen check for cashing. Further, the victim testified that he did not give the appellant permission to cash his check. The victim did, however, speculate that his granddaughters stole the check from the mailbox.
Trial counsel used the only possible defense to help explain why his client cashed a stolen S.S.I. check from an elderly man. Counsel's strategy was to win the sympathy of the jury by telling them that the appellant would have to spend ten years in jail for a crime where he was only a minor player. A trial counsel's trial strategy does not constitute ineffective assistance of counsel. State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4th Cir.1986); State v. Felde, 422 So.2d 370 (La.1982), cert. denied 461 U.S. 918, 103 S.Ct. 1903, 77 L.Ed.2d 290 (1983). This assignment of error is without merit.
For the reasons above stated, the appellant's conviction is affirmed, the multiple offender adjudication and sentence are vacated, and the case remanded to the trial court for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.
NOTES
[1] On that same date the State entered a nolle prosequi as to count two.