684 So.2d 477 (1996)
STATE of Louisiana
v.
Sammie L. ADDISON & Demetrius Addison.
No. 94-KA-1423.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1996.
*479 Harry Connick, District Attorney and Mark D. Pethke, Assistant District Attorney, New Orleans, for the State of Louisiana.
Donald O. Pinkston, New Orleans, for Defendants.
Before BARRY, BYRNES and MURRAY, JJ.
MURRAY, Judge.
Sammie Addison appeals his conviction for attempted possession with intent to distribute cocaine, and his brother, Demetrius Addison, appeals his conviction for possession with intent to distribute cocaine. The latter defendant also appeals his adjudication under the multiple offender statute. For the reasons which follow, we affirm the convictions but vacate the multiple offender adjudications, and remand for further proceedings.

FACTS
On the evening of June 4, 1992, uniformed New Orleans Police officers Wilbert Williams and James B. Adams were on routine patrol in a marked car when they observed a dark-colored Cadillac with four occupants disregard a stop sign. With blue lights flashing, the officers pulled along the side of the Cadillac to stop it and observed the driver, Sammie Addison, throw something down to the floor. Sammie Addison was ordered out of the car, which was stopped beneath a street light. As the officers walked towards the vehicle, which was lit by the interior lights from Mr. Addison's open door, they looked inside for weapons. Bags of crack cocaine were clearly visible on the floorboard by the driver's seat, between the legs of the passenger on the left rear, Demetrius Addison, and a large rock of cocaine was seen between the legs of a juvenile seated in the right rear of the vehicle. The bag near Sammie Addison, the driver, contained fifty-nine rocks of cocaine, while the other bag between Demetrius Addison's legs contained thirty-four rocks of cocaine.
Both Sammie and Demetrius Addison testified that the cocaine all belonged to Demetrius and the juvenile and that Sammie was just giving them a ride and knew nothing about it. Demetrius Addison admitted that he possessed the cocaine and that his intent was to sell it.

SAMMIE ADDISON'S PRO SE ASSIGNMENTS OF ERROR

Assignments one and two
Sammie Addison asserts that the trial court erred in its failure to advise the *480 defendants of the dangers of joint representation and its failure to ascertain that the defendants understood that a conflict could arise during the trial. Generally, a criminal defendant who raises the issue of ineffective assistance of counsel based on joint representation of co-defendants prior to trial is entitled to automatic reversal on a showing of actual conflict of interest; no proof of prejudice is required. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). However, if the defendant fails to raise the issue until after trial, he must prove prejudice in addition to actual conflict of interest. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); See State v. Edwards, 430 So.2d 60, 62 (La.1983).
In the present case, there could have been a conflict if each of the Addison brothers accused the other of possessing all of the cocaine. However, both brothers testified that Demetrius and the juvenile were in possession of the cocaine, and that Sammie, the defendant making this claim, did not know that the others had drugs on them. The fact that the trier of fact failed to believe their story is not the fault of the joint representation. In any event, any conflict would have prejudiced Demetrius in this case, as the defense presented clearly was intended to protect Sammie. However, Demetrius would likewise be unable to prove prejudice, as he testified first and admitted every element of the offense. These assignments thus have no merit.

Assignment three
Sammie Addison next contends that the trial court erred in taking testimony on a second count of possession with intent to distribute, on which he was found not guilty, before ruling on the first, thus placing him in double jeopardy. However, the charges were for two separate but similar offenses, both triable by a twelve-person jury. Article 493 of the Code of Criminal Procedure states that "[t]wo or more offenses may be charged in the same indictment or information ... if the offenses ... are of the same or similar character" and are "triable by the same mode of trial." Therefore, the two charges were properly tried together. The fact that the state put forth the evidence first as to one count and then the other did not make separate trials necessary. Double jeopardy applies when one is tried twice for the same offense, not when two offenses are tried together. This assignment is also without merit.

Assignment four
Sammie Addison also argues that trial counsel was ineffective because he recommended a judge trial, was inexperienced in handling cases of joint representation, was unprepared for trial, and he failed to discuss the issues with the defendants.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983).
In this case, counsel's recommendation of a bench trial falls within the ambit of trial strategy, which does not establish ineffective assistance of counsel. State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4th Cir.1986). The record is insufficient to determine the merit of the other claims on appeal; they may be raised by an application for post-conviction relief.

Assignment five
Sammie Addison next asserts that the trial court erred in admitting evidence seized pursuant to an illegal search. He contends that he got out of the car and walked towards the police officer after the stop, thereby making it unnecessary for the police to look inside the vehicle. However, there was no testimony to that effect at either the hearing on the motion to suppress evidence or at trial. Instead, the evidence shows that Mr. Addison remained near his car as the officers approached him.
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La.Code Crim. *481 Proc. Ann. art. 215.1. "Reasonable suspicion" for an investigatory stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient articulable facts within his knowledge to justify an infringement of the suspect's rights. State v. Matthews, 94-2112 (La.App. 4th Cir. 4/26/95), 654 So.2d 868; State v. Vance, 93-1389 (La.App. 4th Cir. 2/25/94), 633 So.2d 819. An officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. White, 27,188, p. 3 (La.App.2d Cir. 8/23/95), 660 So.2d 515, 519. Once an individual is stopped, an officer may make a protective search of the suspect for his own safety and the safety of others. La.Code Crim. Proc. Ann. art. 215.1 B; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Davis, 92-1623, p. 22 (La.5/23/94), 637 So.2d 1012, 1025, cert. denied, Davis v. Louisiana, ___ U.S. ___, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994).
In this case, the officers properly made an investigatory stop after the driver of the vehicle disregarded a stop sign. Because Sammie Addison was seen "fidgeting" and "throwing something down" before the officers approached the car, in which several others remained, they were justified in looking inside for weapons for their own safety. Additionally, the officers lawfully seized the cocaine pursuant to the "plain view" exception to the warrant requirement:
For evidence to be seized under [the plain view] exception, "(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently [sic] discovered; and (3) where it is immediately apparently [sic] without close inspection that the items are evidence or contraband." State v. Hernandez, 410 So.2d 1381, 1383 (La. 1982). See also State v. Taylor, 531 So.2d 1137 (La.App. 4th Cir.1988). In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found "inadvertently" in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently.
State v. Tate, 623 So.2d 908, 917 (La.App. 4th Cir.), writs denied, 629 So.2d 1126, 1140 (La. 1993). Therefore, this assignment of error has no merit.

Assignment six
Sammie Addison finally contends that the state failed to produce the initial police report to defense counsel before trial, despite counsel's request. The record is insufficient to consider this claim on appeal. If Mr. Addison's attorney requested the report and it was not furnished, counsel may have waived production if he failed to object prior to trial. Additionally, unless the report contained evidence favorable to the defense, or there were material differences in the testimony of state witnesses and the report, there would be no prejudice. Like the claim for ineffective assistance of counsel, this claim may be raised by a post-conviction application so that there can be a full evidentiary hearing on the issue.

DEMETRIUS ADDISON'S PRO SE ASSIGNMENTS OF ERROR

Assignment one
Demetrius Addison asserts first that the evidence was insufficient to sustain his conviction. The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986).
In the present case, Demetrius Addison testified and admitted that the cocaine was his and that he had it for the purpose of selling it. Moreover, the officers testified that he was found with thirty-four rocks of crack cocaine between his legs, from which intent to distribute could be inferred. The essential elements of the offense were established *482 beyond a reasonable doubt, and this assignment is thus without merit.

Assignment two
Demetrius Addison next argues that the trial court erred in permitting a waiver of a jury trial without advising the defendants of their right to a jury trial. The record indicates that each defendant was separately questioned as to the waiver of the right to a jury trial. In addition, Mr. Addison admits that counsel advised that he waive this right and that he accepted the advice of his attorney. Therefore, this defendant's claim that he did not know he had a right to trial by jury is without merit.

Assignment three
Demetrius Addison submits that the trial court erred in its failure to fully advise the defendants of their rights at the multiple bill hearing. We also review this issue with respect to Sammie Addison.
Because the multiple bill hearing is not a trial of a substantive offense, a guilty plea to a multiple bill is not the equivalent of a guilty plea to a criminal offense where the defendant must be read his Boykin rights. The multiple offender statute, La.Rev.Stat. Ann. § 15:529.1, mandates that a defendant be advised of his right to a formal hearing at which the state must prove its case for the multiple offender status. Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983); State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988).[1] Although § 15:529.1 D(3) has been amended numerous times since Desmond, there has been no alteration in this substantive requirement. See, e.g., State v. Holmes, 95-0208 (La.App. 4th Cir. 2/29/96), 670 So.2d 573; State v. Winborn, 604 So.2d 177 (La. App. 4th Cir.1992); State v. Noel, 585 So.2d 652 (La.App. 4th Cir.1991); State v. Causey, 533 So.2d 1050 (La.App. 4th Cir.1988); and cases cited therein.
In the present case, the state filed certified copies of the prior convictions in the record, and the court advised both defendants that the state had the burden of proving they were the same individuals who had been convicted of those offenses and that the five-year cleansing period had not elapsed. The court also advised them that a guilty plea relieved the state of proving these elements, and of their right to counsel. However, the transcript of the multiple offender proceeding establishes that the trial court did not advise either Sammie or Demetrius Addison of the right to remain silent.
Although evidence of the prior convictions was presented, proof that the accused is the same person previously convicted is a separate element of the habitual offender adjudication. This was made clear in State v. Brown, 514 So.2d 99, 106 (La. 1987), cert. denied, Brown v. Louisiana, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988): "While it is permissible for the state to introduce certified copies of court records evidencing prior convictions, we have determined that § 15:529.1 requires independent proof that the defendant was the same person identified in the records."
Other than the guilty pleas, nothing was presented in this case to link either defendant to the convictions evidenced by the certified copies. Thus, the trial court's failure to advise the defendants of their right to remain silent prior to acceptance of their guilty pleas requires that the multiple offender adjudications be vacated and the matter remanded.
Demetrius Addison's final assignment of error, that he was given a constitutionally excessive sentence, is pretermitted.

*483 ERRORS PATENT REVIEW/COUNSEL'S MOTION TO WITHDRAW
Appellate counsel filed an errors patent brief and a motion to withdraw from his representation of these defendants.
This Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendants were properly charged by bill of information with violations of La.Rev.Stat. Ann. § 40:967(B)(1), and the bill was signed by an assistant district attorney. Defendant Demetrius Addison was present and represented by counsel at arraignment, all hearings, trial, and sentencing. Although Sammie Addison was not arraigned, "[a] failure to arraign the defendant ... is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty." La.Code Crim. Proc. Ann. art. 555. This defendant was present and represented at all other stages of the proceedings. The state proved every element of the offenses for which the defendants were convicted beyond a reasonable doubt. This court's independent review reveals no non-frivolous issues other than that discussed above, and a review of all transcripts contained in the appellate record reveals no other trial court rulings which arguably support the appeal.
In view of the further proceedings necessitated by our remand, counsel's motion to withdraw is denied.

CONVICTIONS AFFIRMED; MULTIPLE OFFENDER ADJUDICATIONS VACATED; MOTION TO WITHDRAW DENIED; MATTER REMANDED.
BYRNES, J., dissents in part with reasons.
BYRNES, Judge, dissenting in part.
I respectfully dissent in part. I would affirm the defendants' convictions and sentences as multiple offenders.

MULTIPLE OFFENDER GUILTY PLEAS
At issue is whether the trial court properly advised the defendants of their rights when they entered guilty pleas as multiple offenders. The transcript of the multiple offender proceeding on January 10, 1994 states in pertinent part:
THE COURT:
Mr. Demetrius Addison, [the] State in its Bill of Information, alleges that on July 19, 1993, you were found guilty with possession with intent to distribute cocaine. Do you understand?
DEMETRIUS ADDISON:
Yes, sir.
THE COURT:
They also add that you have a prior conviction in Case No. 348-536, that on August 2, 1991, you pled guilty as charged to possession of stolen propertydo you know what amount? The Bill of Information doesn't reflect an amount.
MR. BILLEAUD:
Here is the certified, your Honor.
THE COURT:
I'd like you to place all of that in the record.
MR. BILLEAUD:
I've placed the certifieds (sic) of all the defendants' convictions in the record, your Honor.
THE COURT:
What about this one? Is it a felony or not?
MR. BILLEAUD:
Yes, your Honor. I'm looking for it right now. Here we go. Five hundred dollars or more, your Honor.
THE COURT:
Okay. You pled guilty on August 2nd to being in possession of stolen property valued at more than $500. Do you understand? That's what they're alleging.
The State has the burden to have a hearing to prove, first of all, that you are one andeach one of y'all: Mr. Sammie Addison and Mr. Demetrius Addison, are one and the same person that was found guilty July 1, 1993, that y'all are the same *484 people that had the prior convictions. Mr. Sammie Addison, you had two prior convictions, and Mr. Sammie Addison, you had one prior conviction.
MR. BILLEAUD:
Demetrius.
THE COURT:
Demetrius Addison, I'm sorryone prior conviction. And that less than five years has elapsed between each one of those convictions, from the time you finished serving your sentence in one before you committed the next crime. Do you understand?
THE DEFENDANTS:
Yes.
THE COURT:
The State has the burden to prove that. If you plead guilty to this, the State doesn't have that burden. You're saying is that what the State says in this Bill of Information is correct; that y'all are one and the same person with the prior convictions and less than five years has elapsed.
You also have a right to have an attorney at this hearing. And Mr. Pinkston is here representing both of y'all; is that correct?
MR. PINKSTON:
Yes, your Honor.
THE COURT:
Do you understand that by pleading guilty, you're giving up the right to have a hearing and make the State prove this case beyond a reasonable doubt?
THE DEFENDANTS:
Yes, sir.
THE COURT:
Your name is?
DEMETRIUS ADDISON:
Demetrius.
THE COURT:
 has acknowledged he understands. Mr. Sammie, do you understand?
SAMMIE ADDISON:
Yes, sir.
THE COURT:
And do each of y'all wish to plead guilty at this time to the Bill of Information alleging that you are a multiple offender? Mr. Sammie Addison?
SAMMIE ADDISON:
Yes.
THE COURT:
Mr. Demetrius Addison?
DEMETRIUS ADDISON:
No, sir.
MR. PINKSTON:
Sammie Addison wishes to plead guilty. Demetrius, you do not wish to plead guilty?
DEMETRIUS ADDISON:
No, sir.
MR. BILLEAUD:
We can get Buddy Arnold up here right away.
THE COURT:
He's scheduled for a Multiple Bill hearing today.
Sammie Addison, at this time I find that plea of guilty as to being a multiple offender was freely and voluntarily given, and that there is a basis in fact and law for accepting the plea. I therefore find that you are a multiple offender, specifically, a double offender, under Revised Statute 15:529.1.
There are certain sentencing guidelines that sets what the minimum sentence and maximum sentence should be. In this case since you were found guilty of attempted possession with intent to distribute, the minimum sentence you can receive is 10 years, the maximum sentence you can receive is 30 years; do you understand that?
SAMMIE ADDISON:
Yes, sir.
THE COURT:
And that on August 2, 1993, the Court, more specifically, I think it was Judge Meyer; is that correct?
MR. PINKSTON:
Yes, your Honor.
THE COURT:
 sentenced you to serve 10 years in the Louisiana Department of Corrections. At this time I'm going to set that sentence *485 aside. And under the provisions of R.S. 15:529.1, I will sentence you as a triple offender to serve 10 years in the custody of Louisiana Department of Corrections. I find you are a triple offender under 15:529.1.
MR. PINKSTON:
Thank you very much, your Honor. Your Honor, as to the Motion for the Appeal Bond?
THE COURT:
At this time, since you were found guilty of the lesser charge, and that neither one of your offenses are drug relatedprior offenses are drug relatedI will set the appeal bond at $50,000.
MR. BILLEAUD:
Please note the State's objection to any appeal bond.
THE COURT:
Objection noted for the record.
MR. PINKSTON:
I think we have Mr. Demetrius Addison, at this time, wants to reconsider, your Honor.
THE COURT:
Mr. Demetrius Addison, did you hear what we said earlier? What rights you were giving up?
DEMETRIUS ADDISON:
Yes, sir.
THE COURT:
Do you wish, at this time, to change your plea to a plea of guilty to being a multiple offender?
DEMETRIUS ADDISON:
Yes, sir.
THE COURT:
Before you do so, sir, I would like you to note that the sentencing guidelines, as a double offender, to possession with intent to distribute cocaine is 15 to 60 years. Do you understand that?
DEMETRIUS ADDISON:
Yes, sir.
THE COURT:
At this time I find that Mr. Demetrius Addison's plea was freely and voluntarily given, that there is a basis in fact and law for accepting the plea. I think the State needs to amend this Bill of Information to reflect an amount to the possession of stolen property.
Sir, under Revised Statute 15:529.1, I set aside your sentence you received on August 2, 1993, and sentence you as a double offender, having one prior felony conviction, to serve 15 years in the custody of the Louisiana Department of Corrections.
MR. PINKSTON:
Your Honor, can I look at the convictions for a second.
MR. BILLEAUD:
Certified convictions, which is the basis of the defendant's multiple bill.
THE COURT:
That is to each defendant, correct?
MR. BILLEAUD:
Correct, your Honor.
THE COURT:
So, there is a certified conviction in Case No. 348-536, as far as Demetrius Addison is concerned for possession of stolen property. As to Sammie Addison, there is a certified conviction in Case No. 313-915 and 307-307.
MR. PINKSTON:
At this time we would also move for an appeal bond as to Mr. Demetrius Addison.
THE COURT:
At this time, based on Mr. Addison's conviction as charged, I'll deny the motion for appeal bond.
MR. PINKSTON:
Note our objection.
THE COURT:
I'll not (sic) your objection for the record.
* * * * * *
In State v. Johnson, 432 So.2d 815, 817 (La.1983), the Louisiana Supreme Court stated that: La. "R.S. 15:529. 1(D) specifically provides that defendant be advised by the court of his right to a `formal hearing' and to have the state prove its case.... Further, this section implicitly provides that the defendant should be advised, by the trial court, *486 of his right to remain silent." The Supreme Court did not state in what manner the right to remain silent must be given by the trial court. In that case the defendant's multiple offender sentence was vacated because the Supreme Court found that the defendant should not have been compelled to present evidence against himself when the defendant admitted that the allegations in the multiple bill were true without being advised by the trial court that he was waiving his right to remain silent.
In State v. Desmond, 524 So.2d 147 (La. App. 4 Cir.1988), this court stated that the defendant must be given the right to remain silent before he pleads to a multiple bill. However, this court did not reach the issue of how the right to remain silent must be given. This court in Desmond stated:
... If a defendant pleads guilty or admits that he is the same person charged in the multiple bill before the trial court informs him of the rights set forth in the R.S. 15:529.1(D), the defendant's conviction and sentence as a multiple offender must be vacated. [Emphasis added.]
In this case, the trial court did not inform the defendant of these rights prior to his admission that he was the same person charged in the multiple bill. Accordingly, the defendant's conviction and sentence as a multiple offender are hereby vacated. [Emphasis added.]
In the present case the trial court addressed the defendants, stating in pertinent part:
The State has the burden to have a hearing to prove, first of all, that you are one andeach one of y'all: Mr. Sammie Addison and Mr. Demetrius Addison, are one and the same person that was found guilty July 1, 1993, that y'all are the same people that had the prior convictions. Mr. Sammie Addison, you had two prior convictions, and Mr. Sammie Addison, you had one prior conviction.
The trial court reviewed the prior offenses and further addressed the defendants:
The State has the burden to prove that. If you plead guilty to this, the State doesn't have that burden. You're saying is that what the State says in this Bill of Information is correct; that y'all are one and the same person with the prior convictions and less than five years has elapsed.
* * *
Do you understand that by pleading guilty, you're giving up the right to have a hearing and make the State prove this case beyond a reasonable doubt?
The trial court advised the defendants of the rights they waived and included the fact that the State had to prove that they were one and the same persons found guilty of the prior offenses before the defendants entered their guilty pleas. This did not occur in Desmond, supra.
In State v. Wheelwright, 615 So.2d 385 (La.App. 5 Cir.), writ denied 619 So.2d 576 (La.1993), the Fifth Circuit found that the failure of the trial judge to specifically say to the defendant that he had the right to remain silent at the habitual offender proceeding did not prevent the defendant from intelligently waiving his rights and entering a guilty plea. See also State v. Brown, 95-377 (La.App. 5 Cir. 11/15/95), 665 So.2d 477; State v. Carruth, 94-147 (La.App. 5 Cir. 9/27/94), 643 So.2d 1319.
In State v. Ray, 547 So.2d 1350 (La.App. 3 Cir.), writ denied, 553 So.2d 470 (La.1989), the appellate court did not require the exact wording of the recitation of the waiver of rights, but on appeal the court found that the defendant was adequately cautioned in language he could understand about his right to remain silent where the trial judge asked the defendant if he understood that he was not required to admit to the other offense and that he could have a hearing if he wanted. In the present case, the trial court advised the defendants of their waiver of rights including the fact that the State would not have the burden to prove they were one and the same persons who committed the prior crimes if the defendants were to plead guilty. The trial court also told the defendants they had a right to a hearing and the right to counsel.
In State v. Cole, 94-1070 (La.App. 3 Cir. 2/1/95), 649 So.2d 1214, 1216, although the defendant was not informed of his right to *487 remain silent and have the State prove its case, the appellate court held: "if evidence is introduced to establish the prior convictions, the error is not reversible." The State introduced certified copies of various convictions, and the defense did not object to the validity of the conviction. On appeal the court found that the defendant was properly sentenced.
In State v. Williams, 94-0622 (La.App. 4 Cir. 8/23/95), 660 So.2d 919, this court vacated the multiple bill sentence and remanded for resentencing where the defendant was not advised of any of his rights. See also State v. Jones, 557 So.2d 352 (La.App. 4 Cir.1990). Neither case shows that the State introduced evidence of prior offenses.
In State v. Edgar, 570 So.2d 88 (La.App. 4 Cir.1990), writ granted, sentence vacated on other grounds, 573 So.2d 1128 (La.1991), this court found that the defendant was duly cautioned of his rights prior to entering a guilty plea although the trial court did not specifically state the defendant had a right to remain silent.
In the present case although the trial court did not specifically state that the defendants had a right to remain silent, the trial court informed the defendants that they waived their right to have the State prove that: (1) they were the same persons who committed the prior offenses: (2) what the State stated in the Bill of Information was correct; and (3) less than five years had elapsed since the prior convictions. Rather than state that the defendants gave up their right to remain silent, the trial court reviewed with the defendants what elements the State would not have to prove if they waived a right to have a hearing. The right to remain silent is inferred by the trial court's statements of what the State would be required to prove if the defendants did not plead guilty. The trial court also noted that the defendants had the right to counsel for the hearing. Under the totality of circumstances, the defendants intelligently waived their rights which the trial court adequately reviewed when they entered guilty pleas to the multiple bills.
Further, in the present case, the prosecution provided certified documents to prove the defendants' prior convictions for the basis of the multiple bill convictions.
In State v. Wright, 598 So.2d 1267 (La. App. 4 Cir.), writ denied, 604 So.2d 969 (La.1992), this court held that in cases where a defendant stipulates to his identity but does not plead guilty to the multiple bill, failure to advise the defendant of his rights was not erroneous because the State put on other evidence to prove his earlier convictions. See also State v. Johnson, 623 So.2d 926 (La.App. 4 Cir.1993), writ granted, 93-2521 (La. 1/28/94), 630 So.2d 781, and writ denied as improvidently granted, 93-2521 (La.4/14/94), 634 So.2d 1189; State v. Stemley, 618 So.2d 455 (La.App. 4 Cir.), writ denied, 623 So.2d 1305 (La.1993).
In State v. Holmes, 95-0208 (La.App. 4 Cir. 2/29/96), 670 So.2d 573, this court determined that the failure of the trial court to advise the defendant of the right to remain silent rendered the multiple bill plea involuntary. Although it appears that the State provided the prior guilty plea form and prior arrest register, the case does not show whether the documents were certified.
In the present case, considering that the State provided certified copies of the prior offenses, the cleansing periods had not expired, the defense counsel did not object to the validity of the convictions, and in reviewing the entire colloquy, under the totality of circumstances the defendants' guilty pleas as multiple offenders were proper.

MULTIPLE OFFENDER SENTENCE
Defendant Demetrius Addison also contends that the trial court erred in imposing an excessive sentence. Demetrius complains that in connection with the sentence imposed on his co-defendant, Sammie Addison, Demetrius received an excessive sentence. Demetrius received a longer sentence of 15 years at hard labor as a second offender although Sammie Addison received 10 years at hard labor as a triple offender.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment." A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the *488 purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr. P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. See State v. Welch, 550 So.2d 265 (La.App. 4 Cir.1989), writ denied, State ex rel. Welch v. State, 94-0437 (La. 6/21/96), 675 So.2d 1071.
If adequate compliance with La.C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense charged. State v. Brogdon, supra. To find the punishment mandated by La. R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993).
The record shows that the trial court informed Demetrius Addison that under the sentencing guidelines as a double offender, he could receive 15 to 60 years for possession with intent to distribute cocaine. The trial court also told Sammie Addison that under the sentencing guidelines as a triple offender, Sammie could receive 10 to 30 years at hard labor for attempted possession with intent to distribute cocaine. Both defendants were sentenced to the minimum time provided under their multiple bills. Because Demetrius was found guilty of possession with intent to distribute, he received a greater sentence than Sammie Addison, who was guilty of attempted possession with intent to distribute. The trial court noted the difference in the sentences of the co-defendants and took into account the defendants' prior convictions which included drug related offenses. Demetrius Addison's sentence as a multiple offender is not a purposeful imposition of pain and suffering and is not grossly out of proportion to the severity of the crime.
Accordingly, the defendants' convictions and sentences as multiple offenders should be affirmed.
NOTES
[1] The requirements that a defendant must be informed of rights prior to a guilty plea or an admission of identity to a multiple bill are provided by La.Rev.Stat. Ann. § 15:529.1., and appellate review must assess compliance with the statutory requirements. However, the Supreme Court did not state in Johnson whether adequate compliance is sufficient or whether the rights had to be recited in a specific manner. On post-conviction relief, the reviewing court must only determine whether the multiple bill proceeding was so fundamentally unfair as to constitute a deprivation of due process so that it is unconstitutional. State v. Harris, 95-0900 (La.5/19/95), 654 So.2d 680; State v. Firmin, 522 So.2d 1181 (La.App. 4th Cir.), writ denied, 532 So.2d 759 (La.1988); State v. Covington, 522 So.2d 1168 (La.App. 4th Cir.1988).